TERRELL, Justice.
Claimant was on a tractor that was dropped from the body of a truck. The jolt caused the detachment of the retina from one eye. June 23, 1960, the retina was re-attached by an operation. Later the retina was again detached and was reattached by operation September 3, 1960.
Claimant asked for compensation for temporary total disability which was controverted. October 20, 1960, the deputy commissioner awarded temporary total disability at the rate of $39.46 per week from the date of his injury to date of maximum medical improvement. Said order required respondent to furnish such medical treatment as was necessary to facilitate recovery and awarded claimant’s attorney a fee of $350 for legal services “rendered thus far in this proceeding.”
Subsequent to the last order claimant had a third retinal detachment but refused to have a third operation and was discharged *275 by his physician November 4, 1960. November 5, I960, the department voluntarily removed claimant from the temporary total disability classification and commenced payments for permanent partial disability and for schedule loss of his right eye. September 8, 1961, claimant filed application for hearing on failure of the department to pay full attorney’s fees.
A hearing was held on the latter application December 1, 1961, but no order was entered. Claimant submitted such evidence as he had as to reasonable attorney’s fees, proved the third retinal detachment and rested. December 13, 1961, claim ws filed for permanent partial disability. Hearing was had on this claim January 19, 1962, after which the deputy commissioner entered the order, later reviewed by the full commission, in which he retained jurisdiction of the case for future determination of permanent total disability; awarded the claimant $165 transportation reimbursement, awarded $850 as reasonable attorney’s fee and taxed costs against respondent. The department appealed to the full commission, basing such review on the following grounds:
“1. The Deputy Commissioner erred in awarding Claimant’s attorney an attorney’s fee of $850 for his services in connection with obtaining additional benefits for the Claimant which were, in fact, voluntarily paid to the Claimant by the Department following the initial determination of disability on October 19, 1960.
“2. The Deputy Commissioner erred in allowing the Claimant to introduce evidence at the January 16, 1962, hearing which tended to connect his present condition with his initial injury when such evidence was introduced solely for the purpose of establishing his attorney’s right to recover an additional fee which issue previously had been fully heard on December 1, 1961.
“3. The Deputy Commissioner erred in retaining jurisdiction of the cause for a further determination of whether Claimant is permanently and totally disabled.”
The case was submitted to the full commission on briefs and argument of counsel which, in due course, entered its order of reversal, the pertinent part of which to this appeal is as follows:
“Ordered that the award of $850 to Claimant’s counsel as a reasonable attorney’s fee be, and the same is, hereby reversed, and that the claim for additional attorney’s fees be, and the same is hereby dismissed.”
From the foregoing statement, it appears that the sole question presented is whether or not the full commission erred in reversing the order granting the award of $850 for attorney’s fee. Said reversal was on the theory that the $850 fee was for benefits to claimant that were voluntarily paid and that an attorney was not necessary to collect them. A majority of the court thinks the full commission was right, so the writ of certiorari is denied.
ROBERTS, C. J., and THORNAL, O’CONNELL and CALDWELL, JJ, concur.
DREW and HOBSON (Ret.), JJ, dissent.