DREW, Chief Justice.
The petition for certiorari in this cause contests an order of the Commission reversing an award of attorneys’ fees by the deputy.'
Upon a controverted claim filed May 23, 1962, an initial award was entered in December, 1962, for temporary total and partial disability compensation for the period of time since claimant’s accidental back injury in September 1961, together with penalties, interest and future remedial treatment. The deputy found maximum medical recovery had not been reached at that time and with reference to attorneys’ fees stated only that carrier should “pay claimant’s attorney the sum of $350.00.” Negotiations for settlement culminated in an offer on a “washout” basis of $2500 for claimant plus $500 additional attorneys’ fees.
Counsel for claimant, petitioner in this Court, advised against accepting this offer as, in his opinion, inadequate compensation for the full disability which had become determinable. Claimant then, according to the order of the Commission, discharged his attorney, contacted counsel for carrier on his own behalf, and entered into a stipulation and joint petition for final discharge *818 for a lump sum payment of $2500 in addition to benefits previously received, this agreement being subsequently approved by order of March S, 1963.
Based upon notice and hearing including expert, testimony as to the total value of services of counsel for claimant, the deputy on May 23, 1963, awarded an additional fee of $1000. The contentions of the carrier, upheld by the Commission, are that no fee is due for services prior to the order of December 13 since that order awarded a fee without expressly retaining jurisdiction for a further award, and that no fee is due since that date because benefits paid under the later stipulation and order were not “received by the claimant through the efforts of the claimant’s attorney.”
The decision cited to sustain this cpnclusion is that in Pollard v. State Road Department, 151 So.2d 274, Fla.1963, which held additional attorneys’ fees were not properly awarded when permanent partial disability compensation was commenced without further order upon expiration of an award for temporary total disability. The initial order in Pollard awarded attorneys’ fees for legal services “rendered thus far in this proceeding.” It may be arguable that the presence of this language in the order bolsters the decision there that the award of fees was a final and inalterable determination of the value of services rendered in obtaining the finding of compen-sability on a controverted claim. We now believe, however, that in any case in which compensability is initially controverted, then the total benefits ultimately received by claimant constitute a material element in fixing fees, and that any award for legal services prior to a final determination of total compensation payable must be, at least presumptively, temporary and interlocutory in nature.
In Pollard, the reason for rejecting the claim for additional attorneys’ fees was —to use the language of this court — because “ * * * the $850 fee was for benefits to claimant that were voluntarily paid and that an attorney was not necessary to collect them.” That reason is not present here. The award of the deputy in the case at bar was, in our opinion, proper upon the record before him and should be sustained.
The order of the Commission is quashed and the cause remanded for the entry of an order accordingly.
THOMAS, ROBERTS, CALDWELL and ERVIN, JJ., concur.