ROBERTS, Justice.
By petition for writ of certiorari we have for review an order of the Florida Industrial Commission bearing date February 1, 1967.
The claimant, Richard Ford, received an accidental injury on August 12, 1959. The claim was accepted as compensable and the employee was paid compensation for temporary total disability and permanent partial disability continuously until January 20, 1965. Notice of termination was given by the employer for the reason that payment had been made based on the 25% disability rating of the left leg. On February 19th, 1965, claim was filed requesting resumption of the payment of compensation for temporary total disability and further benefits. An order was then entered on May 12, 1965, finding that claimant was temporarily and totally disabled since the date of the accident and had not yet reached maximum medical improvement. The order required the employer and carrier to pay compensation for temporary total disability until maximum medical recovery had been reached and awarded an attorneys’ fee in the sum of Four Hundred Dollars ($400.00). Thereafter, in October of 1965, the employer, on its own volition, changed the designation from temporary total to permanent total disability. The claimant’s attorney then filed a claim for additional attorneys’ fees and, upon hearing, the deputy commissioner ordered the employer to pay compensation for permanent total disability from October, 1965, and also to pay a supplemental attorneys’ fees in the amount of $1,500.00.
The employer and carrier filed their application for review, urging that the deputy commissioner erred in awarding an additional attorneys’ fee, inasmuch as a fee in the amount of $400.00 had been awarded and accepted after the original claim, and that the subsequent award of compensation was voluntary and not as a result of the efforts of the attorneys for claimant. The Full Commission affirmed the award of compensation for permanent total disability, but reversed the award of attorneys’ fees.
We have measured the liability of the cause for an additional attorneys’ fee against the rules announced in Boyd v. Southeastern Utilities Service Co., Fla. 1965, 172 So.2d 817, and in Creighton v. Sears, Roebuck & Co., Fla.1966, 190 So.2d 762, and find that the evidence supports the conclusion and finding of the deputy commissioner that the substantially increased award, although volunteered and consented to by the employer-carrier, was at least in part the direct result of the efforts and professional acumen of the claimant’s attorneys who had sustained the claimant’s right of recovery in the earlier hearing, and it was therefore error for the Full Commission to disturb the award made by the deputy commissioner.
Accordingly, that portion of the order of the Full Commission which reverses the allowance of attorneys’ fees in the amount of $1,500 is quashed with directions that the award of compensation and fees made by the deputy commissioner be affirmed.
It is so ordered.
CALDWELL, C. J., and THOMAS, THORNAL and ERVIN, JJ., concur.