CARLTON, Justice:
By petition for writ of certiorari filed by an employer and its carrier, and by a cross-petition filed by a claimant employee, we have for review an Order of the Industrial Relations Commission. The Commission affirmed a finding by a Judge of Industrial Claims that claimant was- totally and permanently disabled, but reversed as to an award of attorney fees on account of non-compliance with the requirements of Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968). Having heard oral argument and having examined the briefs and the record, it is our judgment that the Commission acted without error.
The employer and its carrier agree that claimant sustained a compensable *490 work-related injury. But' they contend that the finding of permanent, total disability is not supported by that quality of competent, substantial evidence required by United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951). We disagree. Dr. Bernard Tarr, a board certified orthopedic surgeon, testified that claimant had sustained a permanent partial disability of 25% of the body as a whole. Dr. Marshall Hall, another orthopedic surgeon, testified that in his opinion claimant sustained a 15% permanent impairment of the body as a whole. It was within the province of the Claims Judge to select Dr. Tarr’s finding over that of Dr. Hall.
Actual impairment of the body as a whole was only one of two factors in contest. The second factor was the ability of claimant, given his disability, to compete in the marketplace for a job. Mr. Robert L. Lessne, a vocational expert associated with the federal Department of Health, Education and Welfare and with the Social Security Administration as a contract evaluator, testified that claimant’s condition rendered him unfit for employment. In arriving at this conclusion, he considered these factors: claimant was a 41-year old male with an eighth grade education; his intelligence level was subnormal; his background was limited to jobs of little skill, primarily in the construction field. This testimony adequately supports the determination of the Judge of Industrial Claims that claimant’s disability combined with his condition and circumstance to render him permanently, totally disabled.[1] The Commission correctly affirmed this determination.
The claimant has cross-petitioned on the question of attorney fees. Counsel for the litigants stipulated at the outset that the Claims Judge could set a reasonable fee, if recovery was granted, ■ in accordance with the Dade Cotmty Bar Minimum Fee Schedule without hearing evidence as to the value of the services rendered. The award ultimately given the claimant’s attorney was in the amount of $9,500.00.
In Lee Engineering & Construction Co., supra, we said that unless a stipulation is entered between the litigants fixing a dollar value for services rendered, the Claims Judge is to determine the value of service and then support his award in his order so that it can be intelligently reviewed. The necessity for a reviewable record is not satisfied by a stipulation that fees can be set without evidence. Anchor Products, Inc. v. Rapo, 210 So.2d 446 (Fla.1968).
The Dade County Bar Association’s schedule of minimum fees, 1970 edition, in relation to workmen’s compensation cases provides :
“25% based on amount of total recovery, if no hearing.”
“With hearing, 30% based on total recovery.”
In adopting the fee schedule, the persons responsible either overlooked Lee Engineering & Construction Co., supra, or sation cases, the determination of fees is not a Bar Association prerogative; fees are to be calculated with regard to standards approved by this Court. The Lee Engineering & Construction Co. case provided guidelines in fixing such fees and specifically disapproved percentage contingent fees saying:
"The tendency to apply a contingent percentage to the the total value of the award, in the absence of a stipulation or other evidence, is not an appropriate method for fixing a fee in Workmen’s Compensation cases. As previously stat *491 ed, this is an administrative procedure where it was first contemplated there would be only minimum requirement for professional services, and the nature of the Workmen’s Compensation Law is such that the contingent percentage basis is not appropriate.
"In summary, where there is not a stipulation between the parties fixing a dollar value for the services rendered, there should be satisfactory proof from which the Deputy Commissioner can determine the value of the service in the light of the views expressed herein ....
“In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer’s appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other employment while employed in the particular case or antagonisms, with other clients; (3) that the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (S) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. No one of these considerations in itself is controlling. They are mere guides in ascertaining the real value of the service.
“In determining the customary charges of the Bar for similar services, it is proper for a lawyer to consider a schedule of minimum fees adopted by a Bar Association, but no lawyer should permit himself to be controlled thereby or to follow it as his sole guide in determining the amount of his fee.
“In fixing fees it should never be forgotten that the profession is a branch of the administration of justice and not a mere money-getting trade.”
Since the award of attorney’s fees was not made in accordance with the guidelines announced in the Lee Engineering & Construction Co., supra, that portion of the award sub judice must be quashed and the question of a reasonable fee remanded for further consideration in accordance with the views hereinabove expressed.
Accordingly, we approve the finding of the Judge of Industrial Claims that claimant was permanently and totally disabled which was affirmed by the Industrial Relations Commission. The fixing of attorney’s fees by the Judge of Industrial Claims for the reasons hereinabove stated is disapproved and must be reconsidered by the Judge in accordance with the Order of the Commission and the principles announced in Lee Engineering & Construction Co. v. Fellows, supra. We, therefore, approve the Commission’s action in remanding the cause to the Judge for reconsideration and redetermination of said fee.
It is so ordered.
ROBERTS, C. and ADKINS, Mc-CAIN and DEKLE, JJ., concur.
ERVIN and BOYD, JJ., dissent.

. The Judge of Industrial Claims also noted in his order below that this finding was supported by reports from a Mr. Tuchy-ner, the supervisor of a vocational rehabilitation service. The employer/carrier protests against consideration of this material because it was “dehors the record.” We need not decide this issue because it was cumulative in nature, and the Claims Judge’s findings are sufficient without it.