299 So.2d 579 (1974)
Gertrude GALARNEAU, Petitioner,
v.
CAROLY OF MIAMI et al., Respondents.
No. 43706.
Supreme Court of Florida.
March 6, 1974.
Rehearing Denied June 7, 1974.
*580 L. Barry Keyfetz of Ser & Keyfetz, Miami, for petitioner.
Donald D. Gillis of Underwood, Gillis & Karcher, Miami, for respondents.
McCAIN, Justice.
This cause is before this Court on a petition for writ of certiorari from an order of the Industrial Relations Commission which affirmed the order of the JIC. We have jurisdiction pursuant to Florida Constitution, Article V, Section 3(b)(3), F.S.A.
On February 5, 1970, the claimant-petitioner suffered injuries by an accident arising out of and in the course of her employment when she fell on the job injuring her right knee. She received necessary remedial medical care and thereafter suffered a second injury on the job on February 13, 1970 when in the course of her employment she tripped and fell over some wiring.
The record reveals that the carrier authorized subsequent medical attention and surgery to remove a herniated disc on the left at the 4-5 level. This surgery was performed by Dr. J.W. Barrett on April 10, 1970. Dr. Barrett then testified that in his opinion the claimant had reached maximum medical recovery on June 10, 1970.
The claimant was still dissatisfied with her condition and sought further medical treatment and a second operation was performed subsequent to her admission to the hospital on March 25, 1971. The doctor performing the surgery, Dr. D. Reynolds, testified that in his opinion the claimant reached maximum medical recovery on June 3, 1971. There is conflicting testimony in the record whether this medical treatment and surgery were authorized.
The Judge in his order resolved the conflicts, granting to the claimant certain medical expenses and disability benefits while denying others.
Our review of the record discloses that the findings of the JIC are supported by competent substantial evidence which accords with logic and reason and for this reason we find no error in his determination. United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1951); Yates v. Gabrio Electric Co., 167 So.2d 565 (Fla. 1964).
At the commencement of the hearings, the following discussion took place:
"THE JUDGE: Can we stipulate that, in event of an award the Judge can set the claimant's attorney's fee in accordance with the Dade County Bar fee schedule  30%  without minimum for benefits obtained?
"MR. GAINE: So stipulated.
"MR. GILLIS: So stipulated.
"THE JUDGE: What else can we stipulate?"
The petitioner now raises an objection to the setting of fees by stipulation contending that the JIC failed to conduct a hearing in connection with attorney's fees and the order does not reflect what factors the JIC considered in setting the fee. The order merely recites:
"3. Pay to Gaine and Gaine, attorneys for the claimant, the sum of $1,167 representing a reasonable attorneys fee *581 for services rendered for and in behalf of the claimant."
Such an award may be reasonable but the record is devoid of any evidence to substantiate this award. This Court in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (1968) set out elements to be considered in the awarding of a fee and specifically required that:
"Whether `live testimony' is necessary either with stipulation or without should be within the discretion of the judge but all findings must be substantiated by the record."
We find no such substantiation in the record.
Petitioner finally claims that as the claimant he should be given the same right to challenge the stipulation of attorney's fees as the carrier. We find that in Heavy Constructors, Inc. v. Dericho, 259 So.2d 489 (Fla. 1972), the claimant had cross-petitioned on the question of stipulated attorney fees in accordance with the Dade County Bar Minimum Fee Schedule. In Heavy Constructors, this Court held that:
"Since the award of attorney's fees was not made in accordance with the guidelines announced in the Lee Engineering & Construction Co., supra, that portion of the award sub judice must be quashed and the question of a reasonable fee remanded for further consideration in accordance with the views hereinabove expressed."
Therefore since the case at bar represents no material aberration on the issue of attorney's fees from the decision in the case of Heavy Constructors, supra, we must reverse the fixing of attorney's fees on a contingency percentage and remand for further consideration on this issue alone.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, BOYD and DEKLE, JJ., concur.