353 So.2d 86 (1977)
UNITED STATES STEEL CORPORATION, Petitioner,
v.
Gerald GREEN and the Florida Department of Commerce, Industrial Relations Commission, Respondent.
No. 50901.
Supreme Court of Florida.
December 8, 1977.
*87 William J. Smith, Orlando, for petitioner.
Gabriel H. Blumental of Blumenthal & Schwartz, Titusville, for respondent.
ENGLAND, Justice.
By petition for a writ of certiorari, United States Steel Corporation has asked us to reverse an order of the Industrial Relations Commission approving a finding of permanent total disability and an award of attorney's fees in the amount of $13,000. For the reasons expressed below, we grant the petition[1] and reverse both determinations of the Commission.
Gerald Green suffered a job-related injury and filed a claim seeking, among other things, temporary total or permanent partial disability benefits and "all other benefits available under the Workmen's Compensation Act." After hearings in 1973 at which U.S. Steel contested the claim, the judge of industrial claims found that Green had not reached maximum medical improvement. He awarded temporary total disability benefits, together with an attorney's fee of $1,200. On review the Industrial Relations Commission affirmed Green's entitlement to benefits but concluded that he had reached maximum medical improvement. The Commission remanded the matter with instructions for the judge to fix the date when temporary disability had terminated, and to award benefits accordingly. On remand the judge heard testimony only on the issue of attorney's fees. He then entered a new order to comply with the Commission's directive, setting the date on which maximum medical improvement had been reached. The judge went further, however, and ruled that Green was permanently and totally disabled. He also awarded an attorney's fee of $13,000. After one remand for clarification the Commission reviewed and affirmed both of these conclusions without elaboration.
U.S. Steel's basic complaint is that total disability benefits were awarded in a proceeding where it defended only against a claim for either temporary total or permanent partial disability benefits. The corporation asserts that the judge's conversion of that claim into the more encompassing award results in U.S. Steel's never having had an opportunity to challenge Green's unemployability, a prerequisite to any finding of permanent total disability.[2]
Green counters U.S. Steel's complaint by asserting that in fact there was *88 ample notice, from at least two sources, that total permanent disability benefits could be awarded at any stage of the proceedings. First, the Florida Industrial Commission's claim form served on all employers recites that employees' claims will not be limited to the benefits initially sought.[3] Second, Green points out that his application expressly claimed "all other benefits available under the Workmen's Compensation Act."[4] We are compelled to agree with U.S. Steel on the question of notice.
Neither form of notice given by Green was adequate to apprise U.S. Steel of "the nature of [Green's] claim" for permanent and total disability benefits, as required by Section 440.19(1)(c), Florida Statutes (1973). As to the claim form notice, Green would have us read the "boilerplate" on the Commission's printed form as if additional benefits become available without notice or hearing. The form in no way carries such an import. As to Green's specific claim, it seems more likely that the present assertion of notification intent is a consequence of accident rather than design. A fair reading of the claim suggests that the "other benefits" sought by Green's generic recitation were incidental benefits under the Act, of lesser dignity than costs. Consistent with this reading of the claim, Green's prosecution of his claims at the initial hearing gave no hint that the "catch-all" reference in his claim was designed to put permanent total disability benefits in issue.
More significantly, if either of Green's assertions were engrafted into the workmen's compensation law, every proceeding would require an employer to prepare and present a defense against a claim of permanent total disability, no matter how minor or temporary the injury giving rise to the claim. Moreover, employers could never agree to lesser awards or the need for temporary benefits at a first hearing, lest they later find themselves saddled with liability for permanent total disability benefits against which they had never defended.
Regarding the increase of attorney's fees from $1,200 to $13,000, it is undisputed that Green's counsel performed no uncompensated services between the time of the judge's initial order awarding temporary total disability benefits and the subsequent award of permanent total disability benefits.[5] Obviously the only basis on which the judge could have enlarged the award was by reference to the increase in benefits to the claimant from the new award for permanent total disability. U.S. Steel concedes that higher fees might be appropriately awarded where greater benefits are obtained for a claimant, but it suggests that an increase of these proportions is wholly unjustified. Again, we are compelled to agree with the company's position.
We have previously condemned the practice of computing fee awards as a percentage of the ultimate benefits awarded to the claimant.[6] An attorney's fee is, after all, supposed to represent compensation for services rendered, and although the Code of Professional Responsibility recognizes that "results obtained" may be taken into account,[7] it was capricious to find that identical services might be worth $1,200 or $13,000 depending upon the mathematics of *89 a workmen's compensation award.[8] In setting a proper fee on remand, and in future cases, the judges and the Commission will want to scrutinize testimony and affidavits relating to attorney's fees more carefully, to avoid the imbalance between services and results which is so patent here.[9]
The order of the Industrial Relations Commission is vacated, and the case is remanded for further proceedings consistent with this opinion.
BOYD, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, Acting C.J., dissents.
NOTES
[1] We have jurisdiction pursuant to Art. V, § 3(b)(3), Fla. Const., and § 440.27(1), Fla. Stat. (1975).
[2] See, e.g., International Minerals & Chem. Corp. v. Tucker, 55 So.2d 720 (Fla. 1951).
[3] FIC Form 17, entitled "Application for Hearing on Claim", bears the following statement on the reverse side:

"This statement will not limit the scope of the claim if it develops the claimant is entitled to further or additional benefits."
[4] The claim sought:

"Temporary total disability, permanent partial disability, penalties, interest, travel expenses, reimbursement for medical expenses, attorney's fees, costs and all other benefits available under the Workmen's Compensation Act."
[5] Green's counsel was separately compensated for his work in defending U.S. Steel's appeals to the Industrial Relations Commission.
[6] See, e.g., Heavy Constructors, Inc. v. Dericho, 259 So.2d 489 (Fla. 1972). In Lee Engineering & Constr. Co. v. Fellows, 209 So.2d 454, 458 (Fla. 1968), we said:

"[T]he nature of the Workmen's Compensation Law is such that the contingent percentage basis is not appropriate."
[7] Fla. Bar Code Prof. Resp., D.R. 2-106(B)(4).
[8] Attorney's fees awarded in workmen's compensation cases are, of course, required to be "reasonable". § 440.34(1), Fla. Stat. (1975). In an affidavit submitted before the claimant's award was revised, Green's attorney stated that, in his opinion, a reasonable fee for his services would be $2,500.
[9] This is not the first case in which we have remanded a case to the Commission on the ground of an excessive fee award. See R.H. Coody & Assoc., Inc. v. Shelton, 352 So.2d 852, No. 50,806 (Fla., filed Sept. 29, 1977). The Legislature's recent amendment of § 440.34, Fla. Stat. (1975), by Ch. 77-290, § 9, Laws of Florida, to provide a "sliding scale" set of guidelines for computing fees, may eliminate the need for remands in future cases. We note that if the new statutory method had been applicable in the present case, an attorney's fee would have been set at just under one-half of the amount actually awarded.