384 So.2d 645 (1980)
INTERNATIONAL PAPER CO., Petitioner,
v.
Oscar McKINNEY, Respondent.
No. 55995.
Supreme Court of Florida.
May 29, 1980.
*646 Lynn C. Higby and C. Richard Watson of Isler, Higby, Brown, Smoak & Watson, Panama City, for petitioner.
Russell R. Stewart and J. Donelson Jones, Panama City, for respondent.
ADKINS, Justice.
By petition for a writ of certiorari, International Paper Co. (hereinafter referred to as employer), has asked us to quash an order of the Industrial Relations Commission awarding attorneys' fees. We have jurisdiction. Art. V. § 3(b)(3), Fla. Const.; § 440.27(1), Fla. Stat. (1977).
The basic question before the court is whether or not an employer, having initially denied compensation for temporary total benefits, is bound to pay an attorney's fee on all subsequent benefits awarded to claimant, even when the subsequent benefits are paid voluntarily and timely.
In awarding attorneys' fees, the judge of industrial claims relied upon Ford v. Cunningham-Limp Co., 203 So.2d 326 (Fla. 1967). In Ford, the claimant sustained a compensable accident on August 12, 1959. The employer voluntarily paid temporary total and permanent partial benefits until January 20, 1965. On February 19, 1965, claimant filed a claim requesting resumption of temporary total disability and further benefits. An order was entered on May 12, 1965, finding that the claimant had not reached maximum medical improvement and that temporary total compensation was due. In October of 1965 the employer voluntarily began paying permanent total compensation. The claimant's attorney filed a claim for additional attorneys' fees based on the increased benefits. The judge of industrial claims awarded him additional fees stating that "the increased benefits were at least in part the direct result of the efforts of the claimant's attorney." Upon review, the commission reversed; this Court affirmed the order of the judge of industrial claims. In its opinion the Court said:
[T]he evidence supports the conclusion and finding of the deputy commissioner that the substantially increased award, although volunteered and consented to by the employer-carrier, was at least in part the direct result of the efforts and professional acumen of the claimant's attorneys who had sustained the claimant's right of recovery in the earlier hearing, and it was therefore error for the Full Commission to disturb the award made by the deputy commissioner. (emp. in original).
203 So.2d at 327.
In the case sub judice the claimant filed a claim on March 1, 1972, seeking "temporary total, remedial treatment, attorneys' fees and any and all other entitlements claimant may be entitled to under chapter 440, Florida Statutes." A hearing was held on April 14, 1972, at which time the claimant did not assert a claim for any permanent total benefits. In fact, the judge of industrial claims found that the claimant was seeking "temporary total, payment of outstanding medical bills, reimbursement of transportation costs, continued medical treatment, attorneys' fees and costs." The employer was ordered to pay temporary total disability and outstanding medical bills, to furnish additional medical treatment and was awarded attorneys' fees and costs. The employer paid all benefits as ordered.
On June 6, 1975, the employer was notified that the claimant had reached maximum medical improvement. On June 23, *647 1975, the employer accepted the claimant as permanently and totally disabled, backdating the benefits to June 4, 1975. Benefits have been paid to claimant without interruption from June 6, 1975, and no claim has been made for additional payments.
The employer initially contested the claim for temporary total compensation, but after the judge of industrial claims ordered temporary total to be paid, the employer voluntarily paid permanent total compensation as soon as permanent total could have been paid. The claimant's attorney did not perform any additional services for the claimant after the initial hearing on the claim for temporary total benefits.
The sum of $1,300.00 was awarded initially. Subsequently the attorney filed a claim for attorneys' fees and an order awarding additional attorney's fees was entered on December 24, 1977. Upon appeal, this award was affirmed by the Industrial Relations Commission. This petition for writ of certiorari resulted.
Stated simply, the factual situation is as follows: An employer initially controverts a claim. The claim is allowed as to temporary disability and the claimant's attorney is awarded a fee. The employer pays the temporary disability as ordered. When the claimant reaches maximum medical improvement, the employer voluntarily pays permanent disability within the twenty-one-day time limit. The claimant's attorney seeks an additional fee based on the permanent benefits obtained. The judge of industrial claims ruled that the attorney was entitled to a fee. We disagree.
Our Court recently vacated a similar attorneys' fees in United States Steel Corp. v. Green, 353 So.2d 86 (Fla. 1977). In Green the employee suffered a job-related injury and filed a claim for temporary total or permanent partial disability benefits and "`all other benefits available under the Workmens Compensation Act."' 353 So.2d at 87. At the hearing, the employer contested the claim and the judge of industrial claims found the claimant had not reached maximim medical improvement. He awarded temporary total benefits and a fee of $1,200.00. On review, the Industrial Relations Commission affirmed the claimant's entitlement to benefits, but concluded that he had reached maximum medical improvement. The case was remanded to the judge of industrial claims to fix the date of maximum medical improvement. On remand the judge of industrial claims fixed the date when the claimant had reached maximum medical improvement, ruled that the claimant was permanently and totally disabled, and awarded the claimant's attorney a fee of $13,000.00. On certiorari this court vacated the award, stating that the employer never had notice that permanent disability was being sought since the claim did not specifically seek it. The application which claimed "all other benefits available under the Workmen's Compensation Act" did not put the employer on notice. The Court reasoned that "all other benefits" were incidental benefits under the act and were of lesser dignity than costs and did not give notice of a permanent total claim. The opinion states:
... [I]f either of Green's assertions were engrafted into the workmen's compensation law, every proceeding would require an employer to prepare and present a defense against a claim of permanent total disability, no matter how minor or temporary the injury giving rise to the claim. Moreover, employers could never agree to lesser awards or the need for temporary benefits at a first hearing, lest they later find themselves saddled with liability for permanent total disability benefits against which they had never defended.
Regarding the increase of attorney's fees from $1,200 to $13,000, it is undisputed that Green's counsel performed no uncompensated services between the time of the judge's initial order awarding temporary total disability benefits and the subsequent award of permanent total disability benefits. Obviously the only basis on which the judge could have enlarged the award was by reference to the increase in benefits to the claimant from the new award for permanent total disability. *648 U.S. Steel concedes that higher fees might be appropriately awarded where greater benefits are obtained for a claimant, but it suggests that an increase of these proportions is wholly unjustified. Again, we are compelled to agree with the company's position.
We have previously condemned the practice of computing fee awards as a percentage of the ultimate benefits awarded to the claimant. An attorney's fee is, after all, supposed to represent compensation for services rendered, and although the Code of Professional Responsibility recognizes that "results obtained" may be taken into account, it was capricious to find that identical services might be worth $1,200 or $13,000 depending upon the mathematics of a workmen's compensation award. In setting a proper fee on remand, and in future cases, the judges and the Commission will want to scrutinize testimony and affidavits relating to attorney's fees more carefully, to avoid the imbalance between services and results which is so patent here.
353 So.2d at 88-89. (Footnotes omitted).
In the case sub judice claimant made no specific claim for permanent total disability. Notice to the employer by the boilerplate "any and all entitlements" is not sufficient notice of a claim for permanent total disability. The employer voluntarily began payment of permanent total compensation within twenty-one days of receiving notice the claimant had reached maximum medical improvement. At the time of the initial hearing on liability for temporary total benefits, the claimant had not reached maximum medical improvement and could not have received permanent total benefits. While the employer contested the initial liability for temporary total compensation, it did not contest the permanent total award. An employer's contest of a claim at the beginning of a case does not lock the employer into paying attorneys' fees on all subsequent benefits paid if the employer voluntarily and timely pays the additional benefits.
The employer was never given adequate notice that permanent total benefits were being claimed, for the "shotgun" claim is insufficient notice of permanent total claim. Also claimant's attorney performed no additional services for the claimant after the initial hearing.
United States Steel Corp. v. Green, supra, requires that the order of the judge of industrial claims be reversed. Insofar as it conflicts with this decision, we recede from Ford v. Cuningham-Limp Co., supra, and follow the reasoning of United States Steel Corp. v. Green, supra.
The order affirming the award of attorneys' fees is quashed and the cause is remanded to the First District Court of Appeal with instructions to further remand same to the judge of industrial claims for the purpose of entering an order denying an award of additional attorneys' fees.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.