390 So.2d 93 (1980)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant,
v.
Dawn S. ROLLINS, Appellee.
No. RR-83.
District Court of Appeal of Florida, First District.
November 4, 1980.
*94 Michael R. Jenks of Walton, Lantaff, Schroeder & Carson, Miami, for appellant.
Jerold Feuer of Freed & Feuer, Miami, for appellee.
PER CURIAM.
This is an appeal from a workers' compensation order which finds claimant permanently and totally disabled. Appellant raises several issues, only some of which require discussion.
We find no error with regard to the testimony accepted by the Judge of Industrial Claims, the failure to apportion as to a pre-existing condition, the adequacy or excusal of the work search, the psychiatric or orthopedic medical treatment ordered, or the payment of expert witness fees, and affirm. Appellee waives any right to penalties and we reverse on this point.
The order finds claimant is PTD due to her orthopedic and psychiatric problems resulting from the accident, and that claimant reached MMI orthopedically and psychiatrically as of 10/4/77. This latter finding is based on a pre-trial stipulation to which the employer had added "Per Dr. Lehrman". Dr. Lehrman was the treating orthopedist and we construe the employer's notation to mean that the stipulated date related only to claimant's orthopedic condition.
There is no competent substantial evidence indicating claimant was psychiatrically MMI as of 10/4/77. In his deposition of February 1978, Dr. Stillman, an examining psychiatrist discussed the possibility of psychiatric improvement; Dr. Reichter, the treating psychologist, testified that claimant reached psychiatric MMI between April 1978 and June 1978. After Dr. Stillman examined claimant in May 1979, he thought she would not improve but required palliative care just to remain stable. Based on this evidence the date of 10/4/77 cannot be accepted for psychiatric MMI. Although there is extensive testimony providing competent substantial evidence for the finding that claimant is permanently and totally disabled, it is improper to begin payment of permanent benefits without a determination of the date of total MMI. Thompson v. Arnold Cellophane Corp., IRC Order 2-3029 (1976); South Carolina Ins. Co. v. Blackman, 380 So.2d 1144 (Fla. 1st DCA 1980). Accordingly, we remand on this point to allow a determination of the date of psychiatric MMI on this record.
*95 The order requires the employer to pay for medical treatment of claimant's obesity which has been exacerbated by the accident. The employer argues it was not given adequate notice that this treatment was being claimed and the treatment was never in issue. We agree.
The claim requested "All compensation benefits to which she may be entitled"; neither the notice of hearing nor the pretrial stipulation contained any mention of a weight problem. Although Dr. Miller, the family physician was questioned regarding this problem during his deposition, the questions were not sufficient to put the employer on notice that it must defend against such a claim. In United States Steel Corp. v. Green, 353 So.2d 86 (Fla. 1977) the claimant was awarded PTD on a claim that requested only PPD, TTD and "all other benefits available under the Workmen's Compensation Act." The court found this insufficient to put the employer on notice that PTD was an issue. The same is true here. The claim did not give the employer adequate notice and the question directed to Dr. Miller did not overcome the deficiency.
The order also finds that claimant's attorney is entitled to a fee and that the parties have stipulated to the application of the numerical schedule in Section 440.34, Fla. Stat. (1977), the only issue remaining being the numerical value of the benefits obtained and the application of the schedule thereto. Appellant urges this constitutes a contingency fee and is erroneous. We agree. Although the Judge of Industrial Claims has not yet entered his award of attorney's fees based on the stipulation it appears he intends to do so. In order to avoid a further appeal on this point, we indicate our interpretation of the law as it applies to the stipulation.
In the absence of a stipulation fixing a dollar amount, the moving party must prove the value of his services by affidavit or other appropriate evidence. Lee Engineering and Construction Company v. Fellows, 209 So.2d 454 (Fla. 1968). Although it can be argued that application of the statutory formula results in an actual dollar amount and therefore the stipulation may be so construed, the strict use of the formula is comparable to the use of minimum fee schedules condemned as contingency fees in Heavy Constructors, Inc. v. Dericho, 259 So.2d 489 (Fla. 1972) and Galarneau v. Caroly of Miami, 299 So.2d 579 (Fla. 1974). Section 440.34(1) Fla. Stat. (1977) after setting out the mathematical formula states:
However, the Judge of Industrial Claims shall consider the following factors in each case and may increase or decrease the attorney's fee if in his judgment the circumstances of a particular case warrant such action: [e.s.]
The application of the statute may in some instances result in a percentage fee award however, the Judge of Industrial Claims must indicate in his order that he has considered the criteria established in Lee Engineering, supra and codified by this section.
Accordingly, the order is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
MILLS, C.J., and McCORD and THOMPSON, JJ., concur.