BARFIELD, Judge.
Employer/carrier appeal a final workers’ compensation order awarding attorney fees to counsel for the claimant. We reverse.
Claimant was injured on April 24, 1977. For reasons that are not of record, he first filed a shotgun claim for benefits on April 20, 1981. On September 14, 1981, the parties entered into a stipulation whereby the employer/carrier agreed to pay $8,746.50 for past due temporary total disability from *36 date of accident until June 8, 1981, to commence temporary total disability on June 8, 1981, and continue same so long as claimant’s condition remains unchanged, and to pay claimant’s attorney $1,999.30 for his services through June 8, 1981. That stipulation was approved by the deputy by order of September 23, 1981. Claimant’s attorney then sought an award of fees for his services from June 8, 1981 through October 8, 1984. The attorney submitted an affidavit itemizing his hours spent in representation of his client from June 10, 1981, through September 29, 1984, totalling 23.9 hours. Most of those hours were spent in exchange of correspondence with the employer/carrier’s counsel and conferences with his client.
It must be noted that the request for fees is for a period of time after settlement was reached and all fees to that date had been paid. There is no allegation by the claimant that the employer/carrier unsuccessfully resisted payment of compensation as required by section 440.34(1), Florida Statutes (1975). We can find no rationale, either from appellee’s brief or from the deputy’s order, for the award of a fee. As the supreme court stated in International Paper Co. v. McKinney, 384 So.2d 645, 648 (Fla.1980), “[a]n employer’s contest of a claim at the beginning of a case does not lock the employer into paying attorneys’ fees on all subsequent benefits paid if the employer voluntarily and timely pays the additional benefits.” Arguably, counsel for the claimant may be entitled to some fees for the five hours spent from June 8, 1981 until September, 1981, during which he was negotiating the settlement; however, by his conduct at the hearing, we conclude that he waived his claim for fees for that period.
The award of attorney fees is REVERSED.
WIGGINTON, J., concurs.
BOOTH, C.J., dissents.