SHIVERS, Chief Judge.
The employer/carrier (E/C) appeal an order awarding claimant permanent total disability benefits and establishing his average weekly wage (AWW) and his maximum medical improvement (MMI) date. We reverse and remand the AWW and MMI findings and we affirm the remainder of the order.
Claimant agrees that the July 17, 1985 MMI date in the deputy commissioner’s (DC) order is incorrect. In his order the DC stated that he based his MMI finding on the opinion of Dr. Tucker. However, by Dr. Tucker’s testimony it appears that he believed that claimant had reached MMI January 1, 1987.
Additionally, the DC should have addressed conflicting evidence from two psychiatrists which indicated on one hand that claimant did not need any psychiatric assistance, and on the other hand that he had reached psychiatric MMI February 11, 1988. See Copeland Steel v. Miles, 536 So.2d 1179, 1181 (Fla. 1st DCA 1989) (holding that “[wjhere a claimant has both psychiatric and orthopedic injuries, permanent benefits may not be awarded prior to the claimant reaching MMI from both disorders.”). In light of these incongruities we reverse the MMI finding and remand to the DC for a MMI finding which includes as its basis evidence of both maximum physical and psychiatric improvement.[1]
We find no basis for disturbing the DC’s findings regarding claimant’s physical limitations, his work search, and his inability to work, as these findings are supported by competent, substantial evidence. Nevertheless, despite the validity of the DC’s' findings regarding claimant’s physical injuries, “it is improper to begin payment of permanent benefits without a determination of the date of total MMI.” See Southern Bell Telephone and Telegraph Company v. Rollins, 390 So.2d 93, 94 (Fla. 1st DCA 1980).
The record also supports the DC’s decision to assess penalties and interest for late payment of compensation. Thus we affirm the order in these respects.
The DC’s order states that the parties stipulated to an AWW of $360. The parties' stipulations and the record in general *1043 reflect that the AWW was not stipulated to and claimant agrees that the AWW should be the $343.13 as asserted by the E/C. Thus we vacate the AWW amount indicated in the order and direct the DC on remand to insert $343.13 as the claimant’s AWW and to calculate the appropriate compensation rate.
AFFIRMED in part, REVERSED and REMANDED in part.
SMITH and BARFIELD, JJ., concur.

. Claimant urges appellate revision of the MMI date in accordance with Dr. Tucker's testimony under the authority of Alro Metals v. Pullins, 451 So.2d 1001 (Fla. 1st DCA 1984). We decline to apply Alro Metals because the instant case does not involve the sort of correctable discrepancy presented there.