CAWTHON, Senior Judge.
Doctor’s Hospital of Sarasota and Underwriters Adjusting Company, as the employer/carrier, have appealed a workers’ compensation order awarding $19,500 in bad faith attorney fees for the handling of a claim for permanent, total disability benefits. Claimant Deborah Taylor has cross-appealed on the issue of the amount of fees. We reverse the order awarding bad faith attorney fees, and therefore do not need to address the issue on cross-appeal.
We reverse based on the absence of competent, substantial evidence supporting the judge’s order. The Judge of Compensation Claims (JCC) awarded bad faith attorney-fees based on an erroneous interpretation of the deposition of claimant's treating physician and the carrier’s history of being recalcitrant in paying temporary, total disability benefits. Neither reason is a sound basis for awarding bad faith attorney fees on the permanent, total disability claim.
First, the JCC based the award of bad faith attorney fees to a large degree on an erroneous interpretation of Dr. McLeod’s testimony. In his order, the JCC indicated:
Relevant to this particular claim for attorney’s fees for this particular attorney, I have considered the doctor’s deposition of April 25, 1989. The clear import of that deposition is that the claimant was permanently and totally disabled....
The carrier takes the position that they were not obliged to pick up permanent and total disability benefits since it appeared the claimant was still temporarily and totally disabled. The fact is that the carrier had been recalcitrant in paying temporary and total disability benefits and it is clear from Dr. McLeod’s early deposition that the claimant was permanently and totally disabled, receiving at that point and in the future palliative care.
Dr. McLeod’s deposition, however, does not establish that claimant was permanently and totally disabled. To the contrary, Dr. McLeod testified that claimant “possibly could have some type of gainful employment.” He further testified that if claimant’s psychological condition improved, she could probably hold down a regular part-time sedentary job. Dr. McLeod indicated that at the time of the deposition, claimant was seeing a psychologist. There was no further testimony regarding whether claimant was permanently totally disabled or had reached maximum medical improvement from an orthopedic or psychiatric standpoint. See, Crown Carpenting, Inc. v. Guillen, 547 So.2d 1042 (Fla. 1st DCA 1989) (holding that where a claimant has both psychiatric and orthopedic injuries, permanent benefits may not be awarded prior to claimant reaching maximum medical improvement on from both disorders).
Second, an award of bad faith attorney fees on one set of benefits does not entitle claimant to bad faith attorney fees on Subsequent benefits. In Samper v. W.B. Johnson Properties, Inc./Holiday Inn, *1366 481 So.2d 88, 91 (Fla. 1st DCA 1986), this court held that entitlement to fees for services in the prosecution of any subsequent claim will depend upon whether the claimant is able to establish anew any of the requisite grounds in connection with such claim. See also, International Paper Co. v. McKinney, 384 So.2d 645, 648 (Fla.1980) (“An employer’s contest of a claim at the beginning of a ease does not lock the employer into paying attorneys’ fees on all subsequent benefits paid if the employer voluntarily and timely pays the additional benefits.”). In the instant case, the evidence reveals that bad faith was properly awarded for employer/carrier’s previous denials of temporary total disability benefits. However, there was no showing that employer/carrier acted in bad faith in voluntarily accepting claimant as permanently totally disabled on September 7, 1989 after claimant filed a claim for permanent total disability on July 18, 1989.
The record is not clear as to when claimant reached maximum medical improvement and became eligible for permanent total disability. As this court explained in Volusia Memorial Park v. White, 549 So.2d 1114, 1118-1119 (Fla. 1st DCA 1989), the affirmative duty to investigate arises because the employer/carrier is put on notice that claimant’s physicians will testify that claimant is permanently totally disabled. In this case, as in White, there is no evidence that the employer/carrier was placed on notice that claimant had reached maximum medical improvement, a prerequisite to payment of permanent total disability benefits. Absent evidence that employer/carrier knew or should have known claimant was permanently totally disabled, the judge of compensation claims erred in awarding bad faith attorney fees. Accordingly, the order awarding bad faith attorney fees is reversed.
JO ANOS, J., concurs.
ZEHMER, J., dissents with written opinion.