WEBSTER, Judge.
Appellants, the employer and carrier in this workers’ compensation case, seek review of an order directing them to pay a fee to claimant’s attorney. We agree that the record does not contain competent substantial evidence to sustain the conclusion that the employer and carrier acted in bad faith regarding the claim for permanent total disability benefits. Therefore, we reverse.
In 1991, claimant’s attorney requested attorney fees in connection with a claim which had been filed in 1987, alleging underpayment due to an erroneous calculation of claimant’s average weekly wage; and in connection with a claim which had been filed originally in 1989, seeking permanent total disability benefits. At the hearing, counsel for the employer and carrier conceded that claimant's attorney was entitled to a fee, based upon bad faith, with regard to the 1987 claim to correct the average weekly wage. However, he argued that no fee was payable for the services related to the permanent total disability claim, because those benefits had been paid voluntarily, and any delay in accepting the claim had not been unreasonable.
In her order, the judge of compensation claims said, “I reject the Employer/Carrier argument that permanent total disability benefits were voluntarily paid, and 'was *1251 [sic] not in any way attributable to the efforts of the Claimant’s Attorney.’ ” While she did not state expressly why she concluded that permanent total disability benefits had not been paid voluntarily or make an express finding regarding bad faith as to that claim, it would appear that her conclusion was based upon the following finding: “Dr. Moll’s [claimant’s treating physician] progress notes of October 22, 1990 and November 27, 1990, copies of which were routinely routed to the carrier, suggest that Dr. Moll had concluded that the claimant was permanently totally disabled.” (The claim for permanent total disability benefits was not accepted by the carrier until May 17, 1991.) The employer and carrier argue that this finding is not supported by the evidence.
Section 440.34(3)(b), Florida Statutes (Supp.1986), which is applicable to the claim for attorney fees, reads, in relevant part:
A claimant shall be responsible for the payment of his own attorney’s fees, except that a claimant shall be entitled to recover a reasonable attorney’s fee from a carrier or employer:
[[Image here]]
(b) In cases in which the deputy commissioner issues an order finding that a carrier has acted in bad faith with regard to handling an injured worker’s claim and the injured worker has suffered economic loss. For the purposes of this paragraph, the term “bad faith” means conduct by the carrier in the handling of a claim which amounts to fraud; malice; oppression; or willful, wanton, or reckless disregard of the rights of the claimant. Any determination of bad faith shall be made by the deputy commissioner through a separate factfinding proceeding. The deputy commissioner shall issue a separate order which shall expressly state the specific findings of fact upon which the determination of bad faith is based.
(Emphasis added.) Claimant’s attorney concedes that the order which is the subject of this appeal “recites no facts which warrant bad faith fee imposition.” However, he argues that no such findings were necessary because the employer and carrier had conceded that he was entitled to a fee, based upon bad faith, in connection with the claim to correct the average weekly wage. Therefore, according to claimant’s attorney, a fee was appropriate for all work which resulted in benefits to claimant, including work on the claim for permanent total disability benefits.
Claimant’s attorney misperceives the applicable law. “[A]n award of bad faith attorney fees on one set of benefits does not entitle claimant to bad faith attorney fees on subsequent benefits.” Doctor’s Hospital of Sarasota v. Taylor, 576 So.2d 1364, 1365 (Fla. 1st DCA 1991). Rather, “[entitlement to fees for services in the prosecution of any ... subsequent claim will depend upon whether the claimant is able to establish anew any of the requisite grounds under Section 440.34(3) in connection with such claim.” Samper v. W.B. Johnson Properties, Inc./Holiday Inn, 481 So.2d 88, 91 (Fla. 1st DCA 1986). Accord International Paper Co. v. McKinney, 384 So.2d 645 (Fla.1980) (contest of an earlier claim does not require that employer pay attorney fees on subsequent claims if employer voluntarily and timely pays benefits claimed).
Claimant’s attorney next argues that, to the extent findings are required to support the conclusion that the claim for permanent total disability benefits was handled in bad faith, that requirement is satisfied by the finding that the October 22 and November 27,1990, progress notes of claimant’s treating physician “suggested] that [he] had concluded that the claimant was permanently totally disabled.” Because copies of these progress notes were routinely sent to the carrier, claimant’s attorney argues that it was reasonable for the judge of compensation claims to conclude that the carrier should have been aware that claimant’s treating physician felt that claimant was permanently totally disabled by November 27, 1990; yet, the carrier failed to accept *1252 the claim for permanent total disability benefits until May 17, 1991. Therefore, according to claimant’s attorney, the judge was justified in concluding that the employer and carrier had acted in bad faith with regard to the claim for permanent total disability benefits. The facts, however, do not support the initial finding.
Claimant’s attorney first requested permanent total disability benefits in February 1989. That request was denied by the judge of compensation claims in July 1989. Claimant’s attorney filed an Application for Modification in August 1989, again seeking permanent total disability benefits. In September 1990, claimant fell and injured herself while working for another employer. As a result of that fall, the carrier returned claimant to temporary total disability status.
In his progress note for October 22, 1990, Dr. Moll, claimant’s treating physician, states:
I will have [claimant] stay off work and job search and see her in about one month. This is the second aggravating injury she has had on attempted return to very limited work activity and realistically I feel this pattern is going to be continued and don’t think she in the long run, [is] going to be a reliable candidate for return to the job market with her past track record as it is.
Dr. Moll’s November 27, 1990, progress note contains the following statement:
[Claimant] has attempted work programs on three different occasions, either had a re-injury or failed. I feel that it is unrealistic for her to return to work. She can engage in activities of daily living ... at a paced rate, so I will keep her on the permanent impairment restrictions (temporary) for an indeterminate period. I would like to see her in Jan. in follow-up_
(Emphasis added.) Although the Application for Modification had been filed in August 1989, no hearing had been scheduled on that renewed request for permanent total disability benefits. From September 1990 on, claimant continued to receive temporary total disability benefits. In early April 1991, claimant’s attorney learned that Dr. Moll planned to retire at the end of April. Accordingly, claimant’s attorney set Dr. Moll’s deposition for April 25, 1991.
At his deposition on April 25, 1991, Dr. Moll testified that, “in hindsight,” his “judgment [had been] in error” in October and November of 1990, at which time he still felt that there was some prospect that claimant might be able to return to some type of work at some “indeterminate” time in the future. He said that, since he had last seen claimant (in November 1990) his “judgment ha[d] changed,” and he now felt that claimant was unable uninterruptedly to do even light work.
On May 7, 1991, claimant’s Application for Modification (which had been pending since August 1989), was set for a hearing on August 21, 1991. Because the attorney for the employer and carrier realized that there were still some ambiguities in Dr. Moll’s testimony, he set Dr. Moll for a further deposition on May 14, 1991. At that deposition, Dr. Moll testified that, in November 1990, he had not yet reached the conclusion that claimant was permanently totally disabled for employment purposes. He again testified that, in hindsight, he had “made some judgment errors in the past in repeatedly trying to let [claimant] get back to some kind of part-time gainful employment.” He also testified, for the first time, that, in his opinion, claimant had reached maximum medical improvement the last time that he had seen her, on November 27, 1990. On May 17, 1991, the employer and carrier administratively accepted claimant as permanently totally disabled, and converted her benefits from temporary total disability to permanent total disability.
In Doctor’s Hospital of Sarasota v. Taylor, 576 So.2d 1364 (Fla. 1st DCA 1991), the judge of compensation claims awarded claimant’s attorney a fee based upon the conclusion that the employer and carrier had acted in bad faith with regard to their *1253 handling of a claim for permanent total disability benefits. The conclusion that the employer and carrier had acted in bad faith was based upon the finding that the employer and carrier should have realized from the deposition testimony of the claimant’s treating physician, which had been taken some four months before the claim was accepted, that the claimant was permanently totally disabled. On appeal, this court disagreed as to the import of the treating physician’s testimony. We noted that the physician had testified that the “claimant ‘possibly could have some type of gainful employment’ ” and “that if claimant’s psychological condition improved, she could probably hold down a regular part-time sedentary job.” Id. at 1365. We also noted that there was no evidence as to whether the claimant had reached maximum medical improvement. Id. Concluding that “there was no showing that employer/carrier acted in bad faith” {id. at 1366), we reversed the attorney fee award, saying:
As this court explained in Volusia Memorial Park v. White, 549 So.2d 1114, 1118-1119 (Fla. 1st DCA 1989), the affirmative duty to investigate arises because the employer/carrier is put on notice that claimant’s physicians will testify that claimant is permanently totally disabled. In this case, as in White, there is no evidence that the employer/carrier was placed on notice that claimant had reached maximum medical improvement, a prerequisite to payment of permanent total disability benefits. Absent evidence that employer/carrier knew or should have known claimant was permanently totally disabled, the judge of compensation claims erred in awarding bad faith attorney fees.

Id.

We believe that the propriety of the award of attorney fees in this case based upon bad faith handling of the claim for permanent total disability benefits is determined by Doctor’s Hospital of Sarasota. Contrary to the conclusion reached by the judge of compensation claims, there is nothing in either the October 22 or the November 27, 1990, progress note of Dr. Moll from which one can conclude that the carrier was put on notice that Dr. Moll believed that claimant was permanently totally disabled. In fact, Dr. Moll’s November 27 note stated that he was going to “keep [claimant] on the permanent impairment restrictions (temporary) for an indeterminate period. I would like to see her in Jan. in follow-up ” (Emphasis added.) Moreover, Dr. Moll testified in May 1991 that when he wrote the November 27 note, he had still not reached the conclusion that claimant was permanently totally disabled. Likewise, prior to Dr. Moll’s May 14, 1991, deposition, there was nothing to suggest to the employer and carrier that claimant had reached maximum medical improvement.
Given the fact that the employer and carrier were not placed on notice that claimant was permanently totally disabled until May 1991, at which time they immediately accepted the claim and converted claimant’s benefits from temporary total disability to permanent total disability, we conclude that it was error to award an attorney fee based upon bad faith in the handling of the claim for permanent total disability benefits. Accordingly, we reverse and remand. On remand, the judge of compensation claims will have to determine what is an appropriate award of attorney fees for the work attributable only to the claim involving the average weekly wage. We note, for the benefit of the judge and the parties, that Section 440.-34(1), Florida Statutes, requires that the judge of compensation claims consider all of the factors listed in that subsection in every case. Without the benefit of explicit findings as to each of the factors, meaningful review on appeal is precluded.
REVERSED and REMANDED, with directions.
WIGGINTON and ALLEN, JJ., concur.