PER CURIAM.
In this workers’ compensation case, the employer and carrier seek review of an order awarding a fee to claimant’s attorney based upon findings that the carrier had acted in bad faith in four discrete instances. We reverse.
Claimant sustained a compensable injury in August 1988. He was ultimately voluntarily accepted by the carrier as permanently and totally disabled in June 1991, some six weeks after he had filed his claim requesting such benefits.
Claimant’s attorney argued that he was entitled to a reasonable fee, to be paid by the carrier, because the carrier had acted in bad faith. Pursuant to section 440.34(3)(b), Florida Statutes (1987), which applies to this case, claimant’s attorney would be entitled to such a fee only if “conduct by the carrier in the handling of [the] claim ... amounted] to fraud; malice; oppression; or willful, wanton, or reckless disregard of the rights of the claimant”; and such conduct resulted in an “economic loss” to the claimant.
The judge of compensation claims found that the carrier had been guilty of four discrete acts of bad faith: (1) attempting to settle with claimant in October 1989 for $15,000.00, while controverting claimant’s right to wage-loss benefits; (2) controverting claimant’s right to wage-loss benefits for the weeks of December 10 and 24,1989, because of inadequate job searches, when it had never fully instructed claimant as to how to conduct a job search; (3) incorrectly calculating claimant’s average weekly wage; and (4) delaying acceptance of claimant as permanently and totally disabled. Our thorough review of the record reveals competent substantial evidence to support only one of those findings of bad faith.
In October 1989, when the offer to settle was made, there was nothing to suggest that claimant might eventually be determined to be permanently and totally disabled. In March 1989, claimant had been released to return to full-duty work. Only weeks before the settlement offer, claimant had been reevaluated by his treating physician; found to have reached maximum medical improvement, with a 15-percent permanent impairment rating; and released to work, with certain restrictions. The uncontradicted evidence establishes that the carrier anticipated that claimant would be able to return to work. The uncontradicted evidence also establishes that the carrier had begun timely to pay wage-loss benefits, before the proposed settlement was rejected. Moreover, this incident did not result in any “economic loss” to claimant.
The evidence likewise establishes without contradiction that the miscalculation of claimant’s average weekly wage was merely a clerical error. The correct average weekly wage ($757.45) had been computed and used before claimant retained his attorney. However, at some point, as the result of a typographical error, it had been reduced to $747.45. In addition to clearly having been an inadvertent error, it is undisputed that the error did not result in any “economic loss” to *516 claimant, because his wage loss was continuously paid at the maximum compensation rate of $344.00.
There is likewise no competent substantial evidence from which one might conclude that the carrier unduly delayed its decision to accept claimant as permanently and totally disabled. No doctor ever testified that claimant was unable to work. Claimant was not found to have reached maximum medical improvement from subsequent injuries which had increased his permanent impairment rating significantly, and had been causally related to the initial injury, until the end of March 1991. The carrier had been providing rehabilitation services until the middle of April 1991, when the rehabilitation specialist opined that claimant had not been successful in finding employment because of his “age, physical restrictions, and his [sic] depressed labor market.” All wage-loss claims filed, with the exception of two in December 1989, had been paid by the carrier. Claimant filed his claim for permanent and total disability benefits in May 1991, and the carrier accepted claimant as permanently and totally disabled in June.
The only finding of bad faith which is supported by competent substantial evidence is that regarding denial of wage-loss benefits for the weeks of December 10 and 24, 1989. (Claimant testified that the carrier never instructed him as to his job-search responsibilities.) The benefits secured by claimant’s attorney for those two weeks of wage loss totalled $688.00.
We reverse the award of fees to claimant’s attorney based upon our conclusion that three of the four discrete instances of bad faith found by the judge of compensation claims are not supported by competent substantial evidence. An award of attorney fees pursuant to section 440.-34(3)(b), Florida Statutes (1987), must be based upon the benefits secured and the time reasonably spent in obtaining them. Moreover, a finding of entitlement to bad-faith attorney fees in connection with the handling of one claim does not, in the absence of bad faith in the handling of a later claim, entitle one to a fee with regard to the later claim as well. See e.g., Wackenhut Corp. v. Schisler, 606 So.2d 1250 (Fla. 1st DCA 1992). Accordingly, we remand with directions that the judge of compensation claims award claimant’s attorney a reasonable fee for his services in obtaining for claimant the $688.00 in wage-loss benefits for the weeks of December 10 and 24, 1989.
REVERSED and REMANDED, with directions.
SMITH, KAHN and WEBSTER, JJ., concur.