WENTWORTH, Judge.
This is an appeal from an order of the deputy commissioner directing the employer/carrier to “supply the claimant with treatment by Dr. Hoover or under his direction as he deems necessary.” Employer/carrier asserts that the order is an award of lifetime treatment and argues that it effectively overcomes or waives the limitations period found in Section 440.13(3)(b), Florida Statutes (1975) (current version at Section 440.19(2)(b), Florida Statutes (1979)). We disagree with that construction of the order and affirm the deputy commissioner on evidentiary issues argued by appellant.
Section 440.13(3)(b), Florida Statutes (1975) provides that all rights to remedial attention are barred unless a claim for them is made within two years of the date of the last payment of compensation or the date of the last remedial attention furnished by the employer, or within two years of an award of medical treatment. Section 440.13(1), Florida Statutes (1975) provides, “subject to the limitations specified in paragraph (3)(b), the employer shall furnish to the employee such remedial treatment ... for such period as the nature of the injury or the process of recovery may require ....”[1] An order for continuing treatment may not be used to nullify the statutory limitations period. Luv Auto Sales v. Murphy, IRC Order 2-3567, cert. dismissed, 373 So.2d 459 (Fla.1979). While an order for medical treatment should ordinarily track the language of the statute (Ford v. Hood’s Dairy, Inc., 143 So.2d 13 (Fla.1962)), the failure to do so is not necessarily reversible error. Such orders should ordinarily be read as awarding benefits in the manner and time provided by law, i. e., “for such period as the nature of the injury or the process of recovery may require.” Cf. Ocala Jai-Alai, Inc. v. Johnson, IRC Order 2-3783 (April 24, 1979) (concurring and dissenting opinion). That construction necessarily encompasses the limitations period to which Section 440.13(1) is expressly subject. Therefore, as appellee concedes, should a claimant not require treatment within two years of the award of medical treatment or within two years of the date of the last remedial attention furnished by the employer or the date of the last payment of compensation, the statute may bar rights to further medical attention unless waiver is established by affirmative evidence other than the ambiguous phraseology of an order for benefits. See Platzer v. Burger, 144 So.2d 507 (Fla.1962), decided under a former statute which did not contain the proviso of the current law expressly making Section 440.13(1) subject to the limitations period of Section 440.13(3)(b).
AFFIRMED.
JOANOS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.

. Section 440.13(1), Florida Statutes (1979) reads “subject to the limitations specified in S. 440.19(2)(b)_” Chapter 79-40, 1979 Florida Laws, moved Section 440.13(3)(b) to Section 440.19(2)(b) in substantially the same form.