PER CURIAM.
Although the deputy commissioner did not set a limitation on the length of time that Scarberry may collect future medical benefits, we construe the order as awarding those benefits “in the manner and for the time provided by law.” See Lake Highland Nursing Home, et al. v. Everett, 397 So.2d 380 (Fla. 1st DCA 1981). Accordingly, we affirm the workers’ compensation order below because it was supported by record evidence.
 We note with displeasure the argument presented by counsellor the employer and the Insurance Company of North America regarding future medical benefits. In the initial brief, counsel represented to this Court that the award of future medical care was improper because “the matter of future medical treatment was not placed at issue by stipulation of the parties.” As the claimant’s brief correctly stated, however, the parties’ pre-trial stipulation unmistakably included a claim for “future medical treatment.” In the reply brief, counsel for the employer/carrier conspicuously ignored her earlier misrepresentation of fact. We should not need to remind counsel of the ethical considerations implicated when an attorney advances a defense that is unwarranted, or knowingly makes a false statement of fact. Fla.Bar Code Prof.Resp., D.R. 7-102(A)(2), (5). The appellee’s motion for attorney’s fees is GRANTED in the amount of $2,500.
AFFIRMED.
ERVIN, WENTWORTH and JOANOS, JJ., concur.