448 So.2d 1159 (1984)
PROFESSIONAL ADMINISTRATORS and Nationwide Ins. Co., Appellants,
v.
Gladys MACIAS, Appellee.
No. AT-449.
District Court of Appeal of Florida, First District.
April 16, 1984.
*1160 Heskin A. Whittaker, of Whittaker, Pyle, Stump & Webster, Orlando, for appellants.
Edward H. Hurt, of Hurt & Parrish, Bill McCabe, of Shepherd, McCabe & Cooley, Orlando, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of a workers' compensation order entered by deputy commissioner Johnson by which, following a settlement excluding medical but stipulating a January 1982 MMI date, claimant was awarded continuing chiropractic care "as long as necessary." We affirm.
Section 440.13(1) requires the provision of medical care "as the nature of the injury or the process of recovery may require ... ." This includes not only remedial care, but also palliative treatment which mitigates the conditions or effects of the injury. See Lopez v. Pennsuco Cement and Aggregates Inc., 401 So.2d 875 (Fla. 1st DCA 1981). Such palliative treatment for the relief of pain is awardable after claimant has attained MMI. See Verdi's Italian Restaurant v. Campanella, 423 So.2d 582 (Fla. 1st DCA 1982). In the present case Dr. Ferking has suggested that his chiropractic treatment is remedial in nature. However, claimant's own testimony establishes that she is utilizing Dr. Ferking for the temporary relief of pain so as to enable her to more normally function; such utilization is a classic example of palliative care. The deputy should be entitled to accept claimant's testimony, and deem Dr. Ferking's care palliative and awardable after MMI.
In the present case the deputy was also entitled to accept testimony of claimant and Dr. Ferking as to the benefit of and need for further chiropractic care. Although the deputy awarded such care "as long as necessary," this language should be construed as an award of such care only for such period as the nature of the injury may require, in the manner and for the time provided by law. See Automatic Data Processing v. Scarberry, 412 So.2d 927 (Fla. 1st DCA 1982); Western Liquors Corp. v. Studer, 391 So.2d 250 (Fla. 1st DCA 1980).
Affirmed.
ZEHMER and BARFIELD, JJ., concur.