BARFIELD, Judge.
In this workers’ compensation case, the employer appeals the final order of the deputy commissioner disallowing credit to the employer for payments made as to temporary total disability benefits after the date found by the deputy commissioner to be the date of maximum medical improvement of claimant. We reverse.
Claimant injured her back in an accident which arose out of and in the course of her employment with Western Electric Company, which is self-insured for purposes of the workers’ compensation law. The accident occurred on June 22, 1978, and aggravated a previously asymptomatic congenital defect.
Claimant was paid benefits under a contract benefit plan which provides for full wages for the first several weeks after the accident and half wages for the remainder of the disability. A relevant section of the plan reads:
In case any benefit, which the Committee shall determine to be of the same general character as a payment provided by the Plan, shall be payable under any law now in force or hereafter enacted to any em *316 ployee of the Company, the excess only, if any, of the amount prescribed in the Plan above the amount of such payment prescribed by law shall be payable under the Plan; ...
Employer reported to the Division that benefits were being paid to claimant under the workers’ compensation law as either temporary total disability or temporary partial disability. When receiving total benefits, claimant realized approximately $30 weekly in excess of the workers’ compensation benefits to which she was entitled.
Claimant’s recovery from the injury was unsatisfactory, and in December 1979, a spinal fusion was performed by Dr. Michael Scharf. Although the x-rays of that surgery indicate that it was successful, claimant did and still does have considerable back pain. In August of 1980, Dr. Scharf released claimant for part-time work. She attempted to return to work but experienced pain and numbness in her legs which caused her to fall, and was unable to return to work in any capacity. Dr. Scharf’s attempts to relieve the pain with a corset, with a TENS unit, with medication, and with physical therapy were all unsuccessful.
In September 1981, claimant was referred to Dr. Arthur Rosen, who specializes in chronic pain dysfunction. Dr. Rosen altered claimant’s medication but otherwise was unable to help her. He released her on February 25, 1982, and recommended psychiatric evaluation and referral to a pain clinic.
On February 2, 1982, Dr. Scharf advised the employer that “[fjrom an orthopedic standpoint, I have nothing else to offer her.” He stated that she has a 45% permanent physical impairment and identified her as a candidate for vocational training.
Claimant was referred to Dr. Ethan Todd, an orthopedic surgeon, for an independent medical examination. On April 22, 1982, he reported to the employer, concurring in Dr. Scharf’s conclusions and identifying psychiatric counseling as the only remaining alternative.
Claimant was referred to psychiatrist Milton B. Mann, M.D. He reported his conclusions to the employer on April 22, 1982. He identified claimant as being depressed due to chronic pain, and stated “[pjrobably all that would help at this point has been done, except for a pain clinic, which may be of great benefit .... Her depressed feelings would not preclude employment within her orthopedic restrictions and limitations.”
Claimant continued to receive benefits under the employee plan which were identified to the Division as temporary total disability benefits. Claimant requested a hearing on the permanency of her disability. On hearing the evidence, Deputy Commissioner Gay issued his order of May 3, 1983, finding that claimant was totally and permanently disabled with a maximum medical improvement date of February 2, 1982. Employer was ordered to reclassify all benefits paid after that date as permanent total disability and to take credit for such payments against the award.
Claimant filed a motion for rehearing on the question of reclassification and credit. The deputy commissioner granted the motion, vacated his prior order, and after a hearing on the merits, issued a new order on July 13, 1983. In that order, the deputy commissioner cited the case of Belam Florida Corporation v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981) (en banc), and stated, “Given the virtual unanimity of medical opinion herein, Employer’s continuing payment of temporary benefits was not reasonable; and the credit should not be allowed.” Employer’s request for rehearing on the question was denied, and it undertook this appeal.
The deputy commissioner did not properly apply the Belam test. The test is a two-part test. First, there must be some basis in the record to support the employer’s position (even if that evidence is not the predominant medical opinion). Second, the basis must be a reasonable one, not one based on mere speculation or an unqualified opinion. Although the medical authorities were uncertain, the employer was told *317 that a pain clinic might relieve claimant’s pain to a degree where she could return to work. This is especially important in light of the consensus opinion that claimant could physically perform many types of work if the pain could be relieved.
The other arguments raised by the appellant are without merit. The decision of the deputy commissioner is REVERSED. The employer is allowed to reclassify benefits paid after February 2, 1982, and receive credit for those payments against permanent total disability benefits due to claimant.
WENTWORTH and THOMPSON, JJ., concur.