JOANOS, Judge.
This is an appeal from a workers’ compensation order denying claimant’s request *720 for palliative medical care and recusal of the deputy commissioner. We affirm in part and reverse in part.
The deputy commissioner premised his denial of palliative medical care on a reevaluation of claimant occasioned by his 1979 industrial injury. The re-evaluation was performed by Dr. Roy Pittman, a neurosurgeon, at the instance of the employer and carrier. Dr. Pittman’s most recent examination of claimant took place on September 7, 1982. Although Dr. Pittman was not claimant’s treating physician for the injury which is the subject of this cause, he had treated claimant prior to this examination for an industrial injury which occurred in 1976. On July 22, 1977, Dr. Pittman rated claimant as having a 15-20% permanent partial disability of the lumbosacral spine and the body as a whole, as a result of the 1976 industrial injury. Following his re-evaluation of claimant, Dr. Pittman found that claimant’s physical condition in 1982 was not significantly different from his physical condition in 1977. Dr. Pittman’s report indicates that he reviewed the report of an EMG performed by Dr. Pa-sach, and noted that those test findings were compatible with radiculopathy on the right side. The deputy concluded that since Dr. Pittman rated claimant’s physical status in 1982 as not significantly different from his physical status in 1977, that claimant had failed to demonstrate by competent substantial evidence the need for palliative medical care related to the 1979 injury.
From November 14, 1980 forward claimant proceeded pro se. His testimony at the final hearing indicates that he was under the impression that an EMG performed by Dr. Pasach had already been made a part of the deputy’s file. The deputy’s transcribed comments indicate familiarity with the report, but he stated the only medical evidence presently before him was the deposition of Dr. Pittman taken on March 22, 1983. According to claimant, the EMG report indicated that he has severe nerve damage to his back. Claimant’s allegations were not disputed by the employer and carrier, who defended on the ground that any physical difficulty the claimant currently has is unrelated to his industrial accident of September 26, 1979.
Section 440.13(1), Florida Statutes, requires an employer to furnish medical care to the employee “for such period as the nature of the injury or the process of recovery may require.” The care to be provided is not just remedial care, “but also palliative treatment which mitigates the conditions or effects of the injury.” Professional Administrators v. Macias, 448 So.2d 1159 (Fla. 1st DCA 1984). This record reflects claimant’s continuing efforts to obtain palliative medical care. In an order entered July 9, 1982, the deputy directed the employer and carrier to comply with their agreements to be responsible for palliative medical care and attention as required by the claimant’s injury of September 26, 1979.
We find there is an absence of competent substantial evidence to support the deputy’s denial of palliative medical care. Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983). Therefore, that portion of the deputy’s order denying palliative medical care is reversed. The deputy mistakenly relied upon Dr. Pittman’s finding of no significant change in claimant’s physical status as the basis for a finding of no causal relationship between claimant’s need for palliative medical care and his industrial injury of September 26, 1979. Dr. Pittman’s testimony and narrative medical report indicate that although claimant’s overall impairment rating is substantially unchanged, the claimant presented a history of a 1979 injury and symptoms attendant thereto consistent with sciatica of the lower right extremity. In addition, Dr. Pittman reviewed Dr. Pasach’s report of the EMG performed in connection with claimant’s 1979 injury and stated the findings were consistent with radiculopathy of the right side. Dr. Pittman’s findings based on his review of the EMG report, and his examination and history taken from claimant constitute unrefuted evidence of a causal relationship between claimant’s need *721 for palliative medical care and the industrial injury of September 26, 1979.
We find no error in the deputy’s denial of claimant’s requests for recusal, since neither request presented a legally sufficient basis for the deputy’s withdrawal.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
MILLS and BARFIELD, JJ., concur.