522 So.2d 937 (1988)
Herbert HONEYCUTT, Appellant,
v.
BOSWELL VOYLE APPLIANCES, and Cigna, Appellees.
No. BT-134.
District Court of Appeal of Florida, First District.
March 15, 1988.
*938 J.W. Chalkley, III, of Chalkley & Sims, P.A., Ocala, for appellant.
Ralph J. McMurphy, of Green and Simmons, P.A., Ocala, for appellees.
SHIVERS, Judge.
The claimant in this workers' compensation case, Herbert Honeycutt, argues that the deputy commissioner erred in failing to award temporary total disability (TTD) benefits subsequent to September 1, 1986. We agree, and reverse the deputy commissioner's (DC's) order.
The record on appeal indicates that claimant suffered an accident on September 25, 1984, while working for the employer, resulting in both physical and psychological injuries. Claimant's treating orthopedic surgeon, Dr. Webster, testified at the hearing on the claim for benefits that he had treated claimant between January 6, 1986 and January 16, 1987 for injuries resulting from an industrial accident, that claimant was temporarily totally disabled during that entire period of time, and that he had reached maximum medical improvement (MMI) when Webster last examined him on January 16, 1987. On cross-examination, however, Webster stated that claimant could probably have performed some light sedentary work after the end of August 1986, with restrictions that he avoid lifting, bending, and stooping. Webster stated that his opinions were from an orthopedic basis only, and not from a psychological basis. Dr. Kitchin, claimant's treating psychiatrist, testified that the claimant was totally disabled from the date of accident through the date of Kitchin's deposition (February 6, 1987), and that claimant had not yet reached MMI psychologically at the time of the deposition. Kitchin's testimony was confirmed by Ms. Murray, a certified counsellor at the mental health center directed by Dr. Kitchin, who had worked with claimant on at least fifteen separate occasions since August 1986.
Despite this evidence, the DC entered an order finding that claimant was TTD from January 1, 1986 through August 31, 1986, that he reached MMI on September 1, 1986 in accordance with the testimony of Dr. Webster, but that he was not entitled to wage loss benefits after September 1, 1986 because he had not conducted a job search and was not excused from doing so.
First, we agree with appellant that there is no evidence in the record to support the deputy's finding that claimant reached MMI on September 1, 1986. Dr. Kitchin clearly testified claimant had not yet reached MMI and Dr. Webster testified only that claimant had reached MMI from an orthopedic standpoint when he last examined him on January 16, 1987. Second, since Dr. Webster's opinions were from an orthopedic standpoint only, and Dr. Kitchin's were from a psychiatric standpoint only, their opinions regarding claimant's ability to work and his arrival at MMI were not conflicting, and thus the DC did not have the discretion to choose one over the other. To the contrary, Dr. Kitchin's testimony was unrefuted that claimant had not yet reached MMI with regard to his psychiatric injuries, and was TTD at the time of the deposition. As such, the DC erred in *939 rejecting Kitchin's unrefuted testimony, Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA 1987), and in determining that claimant had reached MMI.
Since permanent benefits may not be awarded until a claimant has reached MMI with regard to both physical and psychological injuries, Martin-Marietta Corp. v. Vargas, 472 So.2d 833 (Fla. 1st DCA 1985), and since it is clear that the claimant had not yet reached psychological MMI, we find that the DC erred in focusing his determination solely on whether the claimant was entitled to wage loss benefits. We therefore reverse the denial of wage loss benefits as well as the finding that claimant reached MMI as of September 1, 1986, and remand for determination as to whether claimant was entitled to TTD benefits subsequent to September 1, 1986.
Accordingly, the DC's order is reversed, and the matter is remanded for further proceedings consistent with this opionion.
REVERSED and REMANDED.
JOANOS and THOMPSON, JJ., concur.