536 So.2d 1179 (1989)
COPELAND STEEL and Cna Insurance Co., Appellants,
v.
Walter MILES, Appellee.
No. 88-629.
District Court of Appeal of Florida, First District.
January 6, 1989.
*1180 Wendell J. Kiser, of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellants.
Irvin A. Meyers and Howard G. Butler, of Meyers and Mooney, P.A., Orlando, for appellee.
SHIVERS, Judge.
The employer/carrier (E/C) in this workers' compensation case appeal an order entered by the deputy commissioner (DC) awarding the claimant permanent wage-loss benefits, remedial medical treatment, and costs, and reserving jurisdiction to award attorney's fees. We affirm in part, reverse, and remand.
The claimant in this case was injured in a compensable accident on June 9, 1982, resulting in both orthopedic and psychiatric injuries. The E/C paid temporary total benefits following the accident through June 22, 1983 (the date determined by the E/C to be the date of orthopedic maximum medical improvement) and wage-loss benefits from June 23, 1983 through June 30, 1984. In 1985, the DC denied a claim for wage-loss benefits and chiropractic treatment, and reaffirmed June 22, 1983 as the date of MMI. In June, July and August of 1987, claimant was treated on four occasions by a psychiatrist, Dr. Gutman. Claimant subsequently filed a claim seeking wage-loss benefits from October 1, 1985 through October 30, 1987, payment of Dr. Gutman's bills, and future treatment by Gutman.
At the December 1987 hearing on this claim, Dr. Gutman testified by deposition that the claimant had sustained psychiatric injuries as a result of his industrial accident and would have a permanent psychiatric impairment, but that he had not yet reached MMI from those injuries. In his February 1988 order following the hearing, the DC noted Dr. Gutman's testimony regarding psychiatric MMI, and stated "I find no valid reason to change his status from wage-loss to being temporarily totally or temporarily partially disabled unless there is a change in his medical condition." The DC awarded wage-loss benefits for the claimed period, and directed the E/C to pay Dr. Gutman's past bills and to provide future psychiatric treatment by Gutman. The E/C raise three issues on appeal: (1) whether the DC erred in awarding wage-loss benefits where the evidence failed to establish that the claimant conducted an adequate job search for the period from October 1, 1985 through October 30, 1987; (2) whether the DC erred in awarding remedial treatment by Dr. Gutman; and (3) whether the DC erred in awarding costs.
First, it is clear from the statement quoted from the February 1988 order (above) that the wage loss benefits awarded by the DC were permanent in nature, as opposed to temporary. The DC specifically stated that he found no reason to change claimant's status to either temporary total or temporary partial disability. Since the evidence indicates without contradiction that the claimant has not yet reached MMI *1181 from a psychiatric standpoint, however, we must reverse the award of wage loss benefits. Where a claimant has both psychiatric and orthopedic injuries, permanent benefits may not be awarded prior to the claimant reaching MMI from both disorders. Fuchs Baking Co. v. Estate of Szlosek, 466 So.2d 415 (Fla. 1st DCA 1985). Second, although it would have been improper for the DC to award remedial orthopedic treatment, the award of remedial psychiatric treatment was not erroneous since the claimant has not yet reached psychiatric MMI. Last, since claimant has prevailed on the issue of medical benefits, the DC's award of costs is affirmed.
ACCORDINGLY, WE AFFIRM IN PART, REVERSE, AND REMAND.
BOOTH and THOMPSON, JJ., concur.