550 So.2d 1179 (1989)
JOHN BARLEY MEMORIAL and Aetna Life & Casualty Co., Appellants/Cross-Appellees,
v.
Frankie J. GILLAM, Appellee/Cross-Appellant.
No. 88-2694.
District Court of Appeal of Florida, First District.
October 25, 1989.
Daniel De Ciccio and W. James Condry of De Ciccio & Broussard, P.A., Orlando, for appellants/cross-appellees.
Robert A. Wohn, Jr. of Wohn & McKinley, P.A. Cocoa, for appellee/cross-appellant.
NIMMONS, Judge.
The employer and carrier attack the appealed order's award of PTD because, although the claimant had reached MMI from her April 1984 physical injury to the lower back, the e/c assert that the award of PTD was premature because the claimant had not reached MMI with respect to her emotional or psychiatric problem. We disagree.
In the parties' pre-hearing stipulation, it was agreed that the claimant had reached MMI on January 1, 1986. Neither the claim nor the stipulation referred specifically to an emotional or psychiatric illness.
At the hearing, there was a great deal of evidence presented in support of the debilitating effect of the claimant's back injury. There is ample support for the judge's finding of PTD attributable solely to the physical limitations caused by the claimant's back injury.
During the hearing, it came out that the claimant had taken some depression medication prescribed by her neurosurgeon as late as four months prior to the hearing. During the judge's questioning of the claimant regarding her depression, the judge noted that the claimant was upset and crying. Over objection by the attorney for the e/c, the judge asked the claimant if she wished to continue to be treated for depression. The claimant responded in the affirmative and the judge indicated he thought he would authorize a psychiatric consultation. His subsequent order provided for a consultation with a certain psychiatrist selected by the judge.
In attacking the PTD award, the e/c relies upon the cases which have held that where a claimant has both physical and psychiatric injuries, permanent disability benefits cannot be awarded prior to claimant reaching maximum medical improvement from both disorders. E.g. Anning-Johnson v. Pearce, 510 So.2d 1041 (Fla. 1st DCA 1987); Martin-Marietta Corporation v. Vargas, 472 So.2d 833 (Fla. 1st DCA 1985). We distinguish that line of cases on the basis of the significant fact that the record in this case clearly shows that claimant was PTD based upon her physical injury alone. Also, the appealed order clearly shows that the judge's finding of PTD was based solely upon the physical injury from which she had clearly reached *1180 MMI.[1] Application of the above referred rule to a PTD case such as this would serve no logical purpose and would unfairly withhold from the claimant the supplemental benefits to which she is entitled under Section 440.15(1)(e), Florida Statutes. We therefore affirm the award of PTD.
Although the appellants objected below to the judge's ordering of a psychiatric consultation, asserting lack of notice, appellants have not pursued that position on appeal. We, therefore, do not address the propriety of the judge's ruling in that respect. We would point out that the order, fairly read, only provides for a psychiatric consultation with the doctor selected by the judge. Left open are such questions as the extent of any such mental or emotional disorder and its causal relationship with the industrial accident.
We have considered and rejected the other arguments of appellants including their assertions that the judge erred in denying their post-hearing motions.
On cross-appeal, the claimant asserts that the judge erred in denying her claim for custodial care. We agree. That portion of the order reflects an erroneous assumption by the judge that a prerequisite of such an award is a recommendation therefor by a physician. See Lopez v. Pennsuco Cement Aggregates, Inc., 401 So.2d 875 (Fla. 1st DCA 1981). Accordingly, we reverse that portion of the order and remand for reconsideration of the claim for custodial care.
AFFIRMED in part and REVERSED in part and REMANDED.
ERVIN and ZEHMER, JJ., concur.
NOTES
[1] We have been unable to find any case precluding an award of PTD where it was clear that the mental or emotional disorder (from which the claimant had not reached MMI) played no part in the deputy's finding of permanent and total disability from the physical injury. Compare Anning-Johnson v. Pearce, supra; Martin-Marietta Corporation v. Vargas, supra; Setzer's Construction Company v. Hebeishy, 521 So.2d 365 (Fla. 1st DCA 1988); Southern Bell Telephone and Telegraph Company v. Rollins, 390 So.2d 93 (Fla. 1st DCA 1980); Honeycutt v. Boswell Voyle Appliances, 522 So.2d 937 (Fla. 1st DCA 1988); South Carolina Insurance Co. v. Blackman, 380 So.2d 1144 (Fla. 1st DCA 1980); City of Miami v. Wright, 380 So.2d 555 (Fla. 1st DCA 1980); Fuchs Baking Company v. Estate of Szlosek, 466 So.2d 415, 418 (Fla. 1st DCA 1985).