SHIVERS, Chief Judge.
The claimant in this workers’ compensation case appeals an order entered by the judge of compensation claims (JCC) finding the employer/carrier to have properly accepted the claimant as permanently totally disabled (PTD) on November 29, 1988. We agree with the claimant that the evidence fails to support this finding, and reverse.
The claimant filed a claim in May 1988 “requesting that he be declared PTD on or before 5/12/86, but not later than 12/31/86.... ” At the hearing, claimant’s treating orthopedist, Dr. Jones, testified that claimant had reached maximum medical improvement (MMI) from an orthopedic standpoint on February 12, 1987. His treating psychiatrist, Dr. Byrd, testified that claimant had probably reached MMI from a psychiatric standpoint as of May 12, 1986. Dr. Byrd also testified, however, that claimant had received psychiatric treatment through July 1988, and that Byrd felt there to be a “realistic possibility” that this treatment would improve the claimant’s psychiatric condition.
Had the JCC accepted Jones’s and Byrd’s testimony regarding MMI dates, the claimant should have been found PTD as of February 12, 1987. See Anning-Johnson v. Pearce, 510 So.2d 1041 (Fla. 1st DCA 1987) (where a claimant has both psychological and orthopedic injuries, PTD benefits may not be awarded until MMI has been reached from both disorders); c.f. John Barley Memorial v. Gillam, 550 So.2d 1179 (Fla. 1st DCA 1989) (where neither the claim nor the parties’ stipulation referred to an emotional or psychiatric illness, and where the JCC’s finding of PTD was based solely on the claimant’s physical injuries, a finding that claimant had reached both physical and psychiatric MMI was not necessary).
On the other hand, had the JCC accepted Byrd’s testimony regarding the possibility of psychiatric improvement as late as 1988, the claimant should have been found PTD sometime in 1988. See Hall v. Dade County School Board, 492 So.2d 768 (Fla. 1st DCA 1986); City of Miami v. Wright, 380 So.2d 555 (Fla. 1st DCA 1980) (where a *407 need for medical treatment exists and there is a reasonable expectation that further improvement is possible, the claimant has not reached MMI). However, we find there to be no competent substantial evidence in the record to support the JCC’s finding that the claimant was permanently totally disabled as of November 29, 1988.
The JCC’s order is therefore reversed and the matter remanded for a proper determination as to when the claimant reached maximum medical improvement.
REVERSED and REMANDED.
BOOTH and WOLF, JJ., concur.