570 So.2d 1371 (1990)
WINN DIXIE STORES, INC. and Crawford & Company, Appellants,
v.
Betty Lou GRUBB, Appellee.
No. 89-2974.
District Court of Appeal of Florida, First District.
December 10, 1990.
*1372 P. Elizabeth Rice, of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellants.
Betty D. Marion, of Pattillo & McKeever, P.A., Ocala, for appellee.
JOANOS, Judge.
The employer and carrier in this workers' compensation case challenge an order of the judge of compensation claims awarding wage loss and permanent total disability benefits to claimant. Since the record contains competent substantial evidence to support the judge's determination as to all issues raised save one, we find it necessary to address only the question whether the finding of permanent total disability was premature. The record reflects that claimant has not reached overall maximum medical improvement. Therefore, we must reverse the finding that claimant is permanently totally disabled.
On November 19, 1984, claimant suffered an industrial injury when a box of frozen bread dough fell from an upper shelf, causing claimant to strike her back, neck, and left arm. An amended claim for benefits sought, among other things, wage loss benefits; permanent total disability benefits from the date of maximum medical improvement; and authorization for a psychiatric evaluation by Dr. Cerra, as recommended by Dr. Faris, claimant's treating physician. On the pre-trial stipulation form, the employer/carrier took the position that any psychiatric problems claimant might have were not causally related to her industrial injury.
At the beginning of the hearing on the claim, counsel for employer/carrier stated that the stipulation as to the date of maximum medical improvement pertained only to the treatment rendered by Dr. Faris with regard to claimant's physical injuries, but did not pertain to a date of psychiatric maximum medical improvement. Claimant's counsel noted that employer/carrier had given no notice of their change in position as to whether claimant had a work-related psychological injury. Employer/carrier's counsel responded that the change in position was based on Dr. Cerra's report.
Claimant's condition was diagnosed initially as a cervical sprain with probable disc bulging and left arm radiculopathy. A later CT scan, showed a protruding disc on the right at C6, C7 level. A subsequent myelogram showed midline bulging disc deformity at C4, C5, as well as C5, C6. Claimant's treating physician, Dr. Faris, placed claimant at orthopedic maximum medical improvement as of September 11, 1987, with a permanent impairment of ten percent to the body as a whole, unless she decided to undergo surgery.
Dr. Faris referred claimant to Dr. Cerra, for a psychiatric evaluation. Dr. Cerra *1373 found that as a consequence of her chronic pain due to her cervical injury, claimant had developed a major depressive episode with significant anxiety. His proposed treatment plan involved the medication Valrelease and Elavil for four weeks, at which time claimant was to return to the clinic for supportive psychotherapy.
In an order entered October 10, 1989, the judge awarded wage loss benefits for the month of August 1988; adjudicated claimant as permanently totally disabled effective June 2, 1989, the date Dr. Faris completed a functional capacity form reflecting findings identical to those in the form completed sixteen months earlier; and awarded permanent total disability benefits.
It is well settled that where a claimant has both orthopedic and psychiatric injuries as a result of an industrial accident, permanent total disability benefits cannot be awarded prior to claimant's reaching maximum medical improvement as to both conditions. Honeycutt v. Boswell Voyle Appliances, 522 So.2d 937, 939 (Fla. 1st DCA 1988); Setzer's Construction Co. v. Hebeishy, 521 So.2d 365 (Fla. 1st DCA 1988); Martin-Marietta Corp. v. Vargas, 472 So.2d 833 (Fla. 1st DCA 1985).
This case is factually similar to John Barley Memorial v. Gillam, 550 So.2d 1179 (Fla. 1st DCA 1989). In Gillam, the employer/carrier attacked the judge's finding of permanent total disability, asserting the award was premature because the claimant had not reached maximum medical improvement with respect to her emotional or psychiatric problem. Also, the pre-hearing stipulation filed in Gillam reflected the parties' agreement that claimant reached maximum medical improvement on January 1, 1986. No specific reference to an emotional or psychiatric illness was made in either the claim or the stipulation. The court found the order showed clearly that the judge's finding of permanent total disability was based solely on claimant's physical limitations due to her back injury. Further, the court found the record contained ample support for the judge's finding of permanent total disability solely attributable to physical limitations. In addition to the foregoing, it was revealed at the hearing that four months earlier, the claimant had taken depression medication prescribed by her neurosurgeon. The judge questioned the claimant about her depression, determined that she wished to be treated for depression, and provided in the order for a consultation with a psychiatrist selected by the judge.
In Gillam, the employer/carrier relied on a line of cases holding that where both physical and psychiatric injuries are present, permanent disability benefits cannot be awarded until maximum medical improvement has been reached from both disorders. See, e.g., Honeycutt v. Boswell Voyle Appliances; Anning-Johnson v. Pearce, 510 So.2d 1041 (Fla. 1st DCA 1987); Martin-Marietta Corporation v. Vargas. The court distinguished those cases on the ground that in Gillam, the record clearly showed that the permanent total disability determination was based solely upon the claimant's physical injury.
In the instant case, as in Gillam, the pre-trial stipulation established an agreement as to the date of maximum medical improvement, with no reference to a psychiatric condition and no claim for a psychiatric disability. And here, as in Gillam, the employer/carrier subsequently challenged the permanent total disability finding, contending that claimant had not attained psychiatric maximum medical improvement. However, this case differs from Gillam in two respects. First, this claimant, in her second amended claim for benefits, requested a psychiatric evaluation by Dr. Cerra. Employer/carrier authorized the evaluation, and Dr. Cerra's subsequent report contained a treatment plan involving anti-depressants and supportive therapy. Second, the judge in this case based the permanent total disability award on claimant's lengthy and unsuccessful job search, rather than on claimant's physical disability.
*1374 Although there is considerable authority to support a permanent total disability award based on physical limitations coupled with an extensive and unavailing work search, see, e.g., Buena Vista Palace v. Lopez, 557 So.2d 948 (Fla. 1st DCA 1990); Oak Construction Co. v. Jackson, 522 So.2d 1068 (Fla. 1st DCA 1988); Bill's Equipment and Rentals v. Teel, 498 So.2d 536 (Fla. 1st DCA 1986), the work search conducted in this case fits within the pattern of defective or insufficient work search described in Buena Vista Palace v. Lopez. In this case, as in Lopez, the claimant conducted an adequate work search in terms of number of employer contacts. However, the status reports prepared by the rehabilitation consultants, as well as claimant's testimony, indicate that she is convinced she is physically unable to work at anything due to her pain. The functional capacity forms prepared by Dr. Faris indicate that claimant is able to work six hours per day initially, with limitations on lifting, standing, sitting, walking, bending, climbing, and reaching above shoulder level. When Dr. Faris's perception of claimant's physical capabilities is considered in the context of Dr. Cerra's psychiatric evaluation, it appears that the permanent total disability determination in this case was premature, in that the record suggests the major obstacle to claimant's employability is her perception that she is unable to work. The record further suggests that supportive psychotherapy and vocational training might assist claimant to return to a productive life. Further, the psychiatric evaluation which claimant requested reveals that she is not at psychiatric maximum medical improvement, and the order establishes that the judge's finding of permanent total disability was not based on disability due to physical injury alone. Therefore, the Gillam decision is inapplicable.
Accordingly, the finding that claimant is permanently totally disabled is reversed and remanded with directions to enter an order requiring the employer/carrier to provide claimant with psychiatric care and vocational rehabilitation services. In all other respects, the order appealed is affirmed.
SHIVERS, C.J., and MINER, J., concur.