596 So.2d 732 (1992)
AMFESCO DURAMIL DIVISION, Lindsey & Newsom Claims Management, Inc. Servicing Company and Greater New York Mutual Insurance Company, Appellants,
v.
Pastor GUZMAN, Appellee.
No. 91-1333.
District Court of Appeal of Florida, First District.
March 24, 1992.
Michael A. Morris, and Jonathan M. Sabghir, of Vernis & Bowling, P.A., Miami, for appellants.
David A. Snyder, and Richard J. Dolan, II, of the law offices of David A. Snyder, Miami, for appellee.
ERVIN, Judge.
Appellants, Amfesco Duramil Division and Lindsey & Newsom Claims Management Inc. Servicing Company (E/C), seek review of a final compensation order which, among other things, awarded permanent total disability (PTD) and attendant care (AC) benefits to claimant, Pastor Guzman. The E/C contends that the judge of compensation claims (JCC) erred by (1) concluding claimant was permanently and totally disabled when it was undisputed he had not yet reached maximum medical improvement (MMI) from a psychiatric standpoint, (2) awarding AC retroactive to the date of injury, and (3) awarding AC benefits for the balance of claimant's life. We affirm.
Addressing appellants' first issue, the general rule is that when a claimant has suffered both a psychiatric and orthopedic injury, as is the case here, permanent benefits may not be awarded until the claimant reaches MMI as to both disorders. Winn Dixie Stores, Inc. v. Grubb, 570 So.2d 1371, 1373 (Fla. 1st DCA 1990); Copeland Steel v. Miles, 536 So.2d 1179, 1181 (Fla. 1st DCA 1989); Honeycutt v. Boswell Voyle Appliances, 522 So.2d 937, 939 (Fla. 1st DCA 1988); Setzer's Constr. Co. v. Hebeishy, 521 So.2d 365, 366 (Fla. 1st DCA 1988); Martin-Marietta Corp. v. Vargas, 472 So.2d 833, 833 (Fla. 1st DCA 1985). An exception to this rule exists, however, when the evidence clearly shows that the claimant is PTD based solely on his or her physical injury. See John Barley Memorial v. Gillam, 550 So.2d 1179 (Fla. 1st DCA 1989). Because there is competent, substantial evidence (CSE) in the record to support a determination that *733 claimant is PTD based on his physical condition without regard to his psychiatric disorder, we affirm the JCC's awards of both PTD and supplemental PTD benefits.
Turning to the second issue regarding the retroactive award of AC benefits, as a general rule AC benefits may be awarded retroactively only if the E/C has notice that such care is due. ZEP Mfg. v. Gratzer, 545 So.2d 965, 965 (Fla. 1st DCA 1989). However, if the E/C fails to object or raise the defense of lack of notice before the JCC, the defense will be deemed to have been waived on appeal and the retroactive award will be affirmed. ZEP Mfg. Because the E/C here failed to object or raise a lack-of-notice defense below, and because the record contains CSE to support the award of AC in the amounts designated, we affirm the order as it relates to retroactive AC benefits.
As for the award of AC for the remainder of claimant's life, the JCC was entitled to accept the testimony of claimant and Dr. Casademont regarding the need for attendant care. Although the JCC awarded such care "through the balance of claimant's life," this language should be construed as an award of attendant care only for "such period as the nature of the injury or the process of recovery may require." Section 440.13(2)(a), Fla. Stat. (1985). The AC award is nevertheless affirmed. Professional Adm'rs v. Macias, 448 So.2d 1159, 1160 (Fla. 1st DCA 1984); Automatic Data Processing v. Scarberry, 412 So.2d 927, 928 (Fla. 1st DCA 1982).
AFFIRMED.
SMITH and ALLEN, JJ., concur.