PER CURIAM.
This cause is before us on appeal from an order of the judge of compensation claims (JCC) denying a claim for past and future chiropractic care. In denying the claim, the JCC relied upon the testimony of Dr. Marc Kallins, a physiatrist. Dr. Kal-lins believed that because the chiropractic care had not afforded claimant a “progressive and sustained benefit,” that the chiropractic care was not medically reasonable and necessary.
Claimant’s entitlement to chiropractic care, however, is governed by Section 440.13(2)(a), Florida Statutes (1983), which provides in pertinent part:
[T]he employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance by a health care provider and for such period as the nature of the injury or the process of recovery may require,....
The employer/carrier’s obligation under the statute extends to the provision of palliative treatment which mitigates the conditions or effects of the injury. Professional Administrators v. Macias, 448 So.2d 1159, 1160 (Fla. 1st DCA 1984).
The order appealed from is reversed, and this cause is remanded with instructions that the JCC determine whether the chiropractic care sought by claimant was reasonable and necessary palliative care.
BOOTH and SMITH, JJ., concur.
BARFIELD, J., dissents with written opinion.