SHIVERS, Judge.
In this workers’ compensation appeal, we affirm the issue raised by Appellant. See Applegate Drywall Co. v. Patrick, 559 So.2d 736 (Fla. 1st DCA 1990). However, we find that the issue raised by the Appel-lee on cross appeal has merit.
Appellee was injured in the course and scope of his employment in March 1989. The employer and its workers’ compensation insurance carrier (e/c) paid temporary total disability benefits.
In January 1991, Appellee sought permanent total disability (PTD) benefits. A hearing was conducted on September 4, 1991. The e/c stipulated before the hearing that they accepted Appellee as PTD as *1285 of the date of the hearing. Appellee’s position was that he reached PTD a year earlier.
The judge of compensation claims (JCC) accepted the parties’ stipulation that Appel-lee reached physical maximum medical improvement (MMI) on November 29, 1989, and psychiatric MMI on February 1, 1990. However, the JCC did not determine when Appellee reached overall MMI; he determined that PTD benefits should be paid as of the date of the hearing. He ruled that the e/c acted reasonably by thoroughly investigating the claim before accepting Ap-pellee as PTD.
The JCC’s order cites Prestressed Decking Corp. v. Medrano, 556 So.2d 406 (Fla. 1st DCA 1989), to support the proposition that if the e/c reasonably investigates whether a claimant can be rehabilitated and put to work, PTD benefits can be withheld during the investigation. However, the holding in Prestressed Decking further provides that if PTD benefits are withheld during a reasonable investigation, once the claimant is accepted as PTD, the payment of temporary benefits may be credited to PTD benefits owed from the date of MMI.
Accordingly, we remand for a determination of the date of MMI. See Southern Bell Telephone & Telegraph Co. v. Carley, 427 So.2d 343 (Fla. 1st DCA 1983) (affirming PTD award and remanding for date of MMI so parties would know when PTD benefits should begin); see also, John Barley Memorial v. Gillam, 550 So.2d 1179 (Fla. 1st DCA 1989) (date of PTD is not premature simply because claimant, who has reached physical MMI, has not reached psychiatric MMI). The e/c’s payments of temporary total disability benefits should then be credited to the PTD benefits owed from the date of MMI to the date of the hearing. Accord, Western Electric Co. v. Vickers, 450 So.2d 315 (Fla. 1st DCA 1984).
AFFIRMED in part, REVERSED in part and REMANDED.
BOOTH and WEBSTER, JJ., concur.