WIGGINTON, Judge.
Claimant brings this appeal from the order of the judge of compensation claims establishing a date of maximum medical improvement and concluding that the employer/ carrier properly accepted claimant as permanently and totally disabled as of November 29, 1988. For the following reasons, we reverse.
In an earlier appeal in this matter,[1] this court reversed the JCC’s order finding that the E/C had properly accepted claimant as PTD in late November 1988, on the basis that the evidence failed to support that finding. The cause was remanded for a proper determination as to when the claimant had reached maximum medical improvement.
On remand, following a hearing, the JCC entered the present order under review finding the appropriate date of MMI as July 27, 1988, the date claimant was released from the hospital to which he had been referred by Dr. Byrd, his treating *62 psychiatrist, to receive psychiatric care. The JCC further found that the E/C had appropriately accepted claimant as PTD on November 29, 1988, since it was at that time that Dr. Byrd first testified on deposition and reported that claimant had reached MMI. After carefully reviewing the record, we agree with claimant that there is no competent and substantial evidence supporting a finding of MMI on July 27, 1988, and, further, that the JCC erred in his conclusion that the E/C appropriately accepted claimant as PTD in late November 1988.
There is no basis in either deposition of claimant’s two treating physicians to allow a finding of maximum medical improvement in July 1988. While Dr. Byrd stated that he had at all times rendered psychiatric care with a goal of achieving some possible improvement from a psychiatric standpoint, he did not waiver from his opinion that claimant actually had reached MMI psychiatrically prior to when he first began treating claimant in 1986, a date he later narrowed down to May 1986. Dr. Byrd testified that throughout his treatment of claimant, he merely assisted claimant through “exacerbations of very longstanding depression,” and that he essentially had seen no change in claimant’s condition except for when he “helped him through hard times.” Consequently, the hospitalization in 1988 amounted to nothing more than a palliative effort to assist claimant through the “hard times,” that is, an exacerbation of his otherwise chronic depressive state brought on by the compensa-ble injury. Thus, the JCC erred in concluding that claimant’s release from the hospital m July of 1988 marked the point at which he had reached MMI.
Rather, the only competent and substantial evidence as to MMI establishes that claimant achieved maximum medical improvement psychiatrically in May 1986 and, ultimately, orthopedically on February 12, 1987, according to the depositional testimony of Dr. Jones, claimant’s treating orthopedic surgeon.
Furthermore, there is no merit to the E/C’s argument that claimant was PTD as of November 1988, the first time the E/C were allegedly informed that claimant had reached MMI. Although the status of permanent total disability is not synonymous with the date maximum medica! improvement is achieved,[2] Dr. Jones unequivocally stated in his deposition that claimant has been permanently and totally disabled since February 12, 1987, the date he reached orthopedic MMI.[3]
Accordingly, we vacate the JCC’s order establishing MMI as July 27, 1988, and PTD as of November 28, 1988, and REMAND with directions that the date of MMI and PTD be established as of February 12, 1987.
ERVIN and ZEHMER, JJ., concur.

. Stuck v. Richard's Cable TV, 565 So.2d 406 (Fla. 1st DCA 1990).

. Marvin v. Rewis Roofing, 553 So.2d 314, 316 (Fla. 1st DCA 1989).

. Although the general rule is that if a claimant has both physical and psychiatric injuries, permanent disability benefits cannot be awarded prior to the claimant’s reaching maximum medical improvement from both disorders, see, e.g., Honeycutt v. Boswell Voyle Appliances, 522 So.2d 937, 939 (Fla. 1st DCA 1988); Setzer's Construction Company v. Hebeishy, 521 So.2d 365 (Fla. 1st DCA 1988); Martin-Marietta Corporation v. Vargas, 472 So.2d 833 (Fla. 1st DCA 1985), an exception to the above rule exists if the record clearly establishes that a claimant is PTD based upon either of the two injuries alone. See John Barley Memorial v. Gillam, 550 So.2d 1179 (Fla. 1st DCA 1989).
In the case at bar, as noted, Dr. Jones stated that claimant has been permanently and totally disabled since February 12, 1987, the date he reached orthopedic MMI, independent of the date of psychiatric MMI, which Dr. Byrd opined had occurred the preceding year. Consequently, the evidence in the case at bar, as in Gillam, clearly establishes that claimant was PTD based upon his physical injuries alone.