PER CURIAM.
In this workers’ compensation appeal, appellant Cecil E. Crews challenges the October 15, 1991, order of the judge of compensation claims (JCC) establishing a maximum medical improvement (MMI) date of July 3, 1991, and ordering payment of permanent total disability (PTD) benefits to commence on July 3, 1991. For the following reason, we vacate the order of October 15, 1991, and remand with directions.
After hearing on the claim for PTD benefits, the JCC issued an order dated September 4, 1991, finding claimant permanently totally disabled and ordering payment of PTD benefits commencing October 2, 1989. On motion for rehearing, the employer/carrier argued that claimant had not reached MMI “from all perspectives” (meaning psychological as well as orthopedic MMI) until at least July 3, 1991, basing their argument on the testimony of Dr.. John McKay, claimant’s rehabilitation psychologist. The JCC granted rehearing and adopted the e/c’s position, issuing the October 15, 1991, order awarding PTD benefits commencing on July 3, 1991.
It is abundantly clear from the record that Dr. McKay’s testimony referred to claimant’s maximum medical improvement from only the psychological perspective. It is also clear that the JCC did not reject the testimony of claimant’s orthopedic providers who found claimant PTD no later than October 2, 1989. While there may be a dispute as to the date of psychological MMI, such a dispute is immaterial to the award of PTD benefits in a case such as this, where the claimant is shown to be permanently totally disabled as the result of his orthopedic injuries alone. Amfesco *611 Duramil Division v. Guzman, 596 So.2d 732 (Fla. 1st DCA 1992); John Barley Memorial v. Gillam, 550 So.2d 1179 (Fla. 1st DCA 1989). Accordingly, we vacate the order of October 15, 1991, and remand the case to the JCC with directions to reinstate the prior order of September 4, 1991.
VACATED and REMANDED with directions.
BOOTH, SMITH and MINER, JJ„ concur.