KAHN, Judge.
Appellant Jaekqueline Lemus challenges the construction given by the judge of compensation claims (JCC) to the provision of the workers’ compensation law that defines “family member” for purposes of reimbursement payment for nonprofessional attendant or custodial care. Because the JCC properly applied the plain meaning of the statutory provision, we affirm.
Appellant is permanently and totally disabled as the result of a work-related accident. After appellant’s husband suffered an injury in 1991, appellant’s adult son, unemployed at the time, moved back home to provide the care and assistance necessitated by appellant’s condition. In the claim below, appellant sought payment for these attendant care services provided by her son. The JCC awarded care for eight hours a day, seven days a week from the date appellant first provided notice to the employer/earrier and for “so long as such care may be medically necessary.” The JCC found, however, that appellant’s son should be paid in accordance with the federal minimum wage, pursuant to section 440.13(2)(h)l, Florida Statutes (1991).
Section 440.13(2)(h) provides:
The value of nonprofessional attendant or custodial care provided by a family member shall be determined as follows:
1. If the family member is not employed, the per hour value shall be that of the federal minimum wage.
2. If the family member is employed and elects to leave that employment to provide attendant or custodial care, the per hour value of that care shall be at the per hour value of such family member’s former employment, not to exceed the per hour value of such care available in the community at large. In no event shall a family member or a combination of family members providing non-professional attendant or custodial care pursuant to this paragraph be compensated for more than a total of 12 hours per day.
“Family member” is defined for purposes of this subsection to be a spouse, father, mother, brother, sister, child, grandchild, father-in-law, mother-in-law, aunt, or uncle.
On appeal, Lemus asserts that the court should restrict the meaning of “family member” to members of the claimant’s family living with the claimant in her household. Because appellant’s son was living apart from the family and moved home only to care for his mother, appellant would thus exclude him from the statutory definition of family member. Citing Walt Disney World v. Harrison, 443 So.2d 389 (Fla. 1st DCA 1983), she argues that it is the responsibility of the employer/carrier, not the claimant’s family members, to provide necessary attendant care.
Appellee correctly points out, however, that the JCC has merely applied the plain meaning of the statutory definition and this court therefore has no authority to further construe the statute. See e.g., City of Orlando v. Wilkinson, 624 So.2d 799, 800 (Fla. 1st DCA 1993); Steinbrecher v. Better Constr. Co., 587 So.2d 492, 493-94 (Fla. 1st DCA 1991). The statute clearly defines family members to include certain enumerated blood relatives and in-laws of a workers’ compensation claimant. The list of family members contains at least a few relatives that do not typically live under the same roof. In particular, the statute mentions aunt, uncle, father-in-law, mother-in-law, and grandchild. The legislature chose to link the reimbursement restriction to this definition of family members, rather than provide a more narrow restriction to members of the same household.
Because appellant’s son is a “family member” as defined in the statute and was unemployed at the time he began to provide attendant care services to his mother, the JCC correctly determined that he was entitled to reimbursement at the federal minimum wage.
AFFIRMED.
ZEHMER, C.J., and ALLEN, J., concur.