756 So.2d 175 (2000)
DAWS MANUFACTURING CO., INC. and CNA Insurance Group, Appellants,
v.
Carolyn OSTOYIC, Appellee.
No. 1D98-1102.
District Court of Appeal of Florida, First District.
March 31, 2000.
Kraig N. Johnson of Zimmerman, Suffield, Kiser & Sutcliffe, P.A., Orlando, for Appellants.
Barry Silber, Pensacola, for Appellee.
VAN NORTWICK, J.
In this workers' compensation appeal, Daws Manufacturing Co., Inc., and CNA Insurance Group (jointly, the employer and carrier), challenge an order granting permanent total disability (PTD) benefits from February 7, 1997, and continuing thereafter for so long as the claimant remains permanently and totally disabled; and granting temporary total disability benefits and medical treatment by a pain management specialist and a psychiatrist. For the reasons that follow, we affirm in part, reverse in part and remand for further proceedings.
There is no dispute that Carolyn Ostoyic sustained an injury to her lower back on *176 March 22, 1996, while lifting boxes onto a shelf overhead. She was authorized to receive treatment at a walk-in center and, thereafter, treatment by an orthopedic surgeon, William Smith, M.D. Dr. Smith diagnosed a herniated disk. Ostoyic was treated conservatively and was returned to work. She suffered a second workplace injury to her back on May 17, 1996, when she was struck in the back by a co-worker carrying pieces of metal. She was again treated by Dr. Smith, who placed the claimant at maximum medical improvement (MMI) on January 21, 1997, with a 7% impairment to the body as a whole.
After the injuries to her back, Ostoyic sought authorization for psychiatric treatment and for treatment by a pain management specialist other than the specialist authorized by the carrier, whom Ostoyic claimed had not afforded relief to her. While these requests were at first contested, prior to the merits hearing, the employer and carrier agreed to authorize treatment by a psychiatrist and an alternate pain management specialist.
On March 17, 1997, Ostoyic filed a claim for indemnity benefits. Following a hearing, the JCC entered an order finding that Ostoyic had proved entitlement to such benefits. In the order under review, the JCC commented extensively on the changes to chapter 440, Florida Statutes, adopted by chapter 93-415, Laws of Florida. The JCC concluded that "it is doubtful that the Legislature intended to require the determination of PTD under F.S. 440.02(34)(f)(1994) be made after attaining overall MMI or 104 weeks [of temporary disability benefits], whichever occurs first." (Emphasis in original). The JCC found that Ostoyic had proved that she was eligible for an award of social security disability benefits given the evidence regarding her psychiatric condition following the workplace accidents. Thus, the JCC awarded PTD benefits without a finding that Ostoyic had reached maximum medical improvement (MMI) as to that psychiatric condition, thereby rejecting the argument of the employer and carrier that such an award was premature.
In the case before us, the JCC did not have the benefit of our decision in City of Pensacola Firefighters v. Oswald, 710 So.2d 95, 100 (Fla. 1st DCA 1998), where we explained that to establish entitlement to permanent total disability indemnity benefits under the revised version of chapter 440 which went into effect on January 1, 1994, a claimant must prove total disability on account of impairment existing after the date of maximum medical improvement. Ostoyic has conceded in her arguments made on appeal that the record on appeal does not establish that she had reached psychiatric MMI or that she had been in receipt of temporary benefits for ninety-eight weeks to be eligible for PTD benefits under the exception to the "venerable rule" that permanent disability benefits are premature if claimant is not yet at MMI. See City of Pensacola Firefighters, 710 So.2d at 97. Nevertheless, Ostoyic urges that the award of PTD can be upheld on the ground that she was entitled to an adjudication of PTD benefits by virtue of having attained MMI as to her physical injury and that sufficient evidence in the record demonstrates that she is disabled under the medical vocational guidelines, also known as the "grids," contained within the social security regulations at 20 C.F.R. § 404, Subpt. P., App. 2.
The employer and carrier argue that PTD benefits cannot be sustained solely based on the record evidence regarding Ostoyic's physical condition, given the well-established law that, when a claimant has both psychiatric and physical injuries, MMI must be reached as to both before permanent benefits may be awarded. Indeed, this court held in Copeland Steel v. Miles, 536 So.2d 1179, 1181 (Fla. 1st DCA 1989), that, where a claimant has both psychiatric and orthopedic injuries, permanent benefits may not be awarded prior to the claimant reaching MMI from both disorders. Where a psychiatric injury plays no part in a finding of a permanent *177 total disability, however, PTD benefits may not be rejected on the ground that a psychiatric condition has not been resolved. See McFarlane, Ferguson v. Whaley, 641 So.2d 173 (Fla. 1st DCA 1994), Crews v. Hussman Refrigeration, 616 So.2d 610 (Fla. 1st DCA 1993), and John Barley Mem'l v. Gillam, 550 So.2d 1179 (Fla. 1st DCA 1989). Here, Ostoyic argues that the award of PTD benefits can be sustained on the record evidence regarding her orthopedic condition without regard to the status of her psychiatric condition.
It is clear that the JCC did not consider the vocational effect of Ostoyic's permanent impairment resulting from her back injury. It is not the proper role for this court, in the first instance, to make findings of fact regarding the nature of Ostoyic's back injury, her employability as a result of it, and the other factors, such as age and education, which are considered in passing on a claim for PTD benefits. See Smith v. Sears, Roebuck & Co., 681 So.2d 871 (Fla. 1st DCA 1996)(it is not the function of the appellate court to evaluate and weigh the testimony and other evidence introduced below). Thus, we reverse the order awarding permanent total disability benefits without prejudice to the filing of a subsequent petition. See Perdue Farms and Liberty Mut. Ins. Co. v. Sheets, 718 So.2d 361 (Fla. 1st DCA 1998). We do not agree, however, that PTD benefits may be awarded only when Ostoyic reached MMI on her psychiatric condition. The appellee may proceed on a claim for PTD benefits based on her psychiatric condition alone, assuming such a claim is now ripe; on her physical condition alone; or on a claim which premises a permanent and total disability as a result of both conditions, again assuming that she has reached MMI with regard to her psychiatric condition. Because the award of PTD benefits is reversed, the award of interest on this award is likewise reversed. The other issues raised by the employer and carrier regarding this award are moot.
The employer and carrier also challenge the award of temporary total disability benefits. The testimony of Peter Szmurlo, M.D., constitutes competent substantial evidence of a temporary disability. As conceded by Ostoyic, however, the temporary indemnity benefits awarded for the period of February 4 through June 4, 1997, should be classified as temporary partial disability, and not temporary total disability benefits. The cause is therefore remanded to the JCC for correction of this portion of the order.
We have considered the remaining issues raised on appeal and find them to be without merit. Accordingly, the order is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH AND BENTON, JJ., CONCUR.