ERVIN, J.
Walt Disney World Company, the employer/self-insured (E/SI), appeals an order of the judge of compensation claims (JCC) awarding Charlene McCrea, claimant, 24 hours of daily attendant care. The E/SI contends that the award of 24 hours of attendant care provided by McCrea’s mother and stepdaughter between July 30, 1998, and February 16, 1999, was precluded by section 440.13(2)(b)(2), Florida Stat *197 utes (1997), which limits attendant care by a combination of family members to 12 hours daily; that the indefinite duration of the award of future attendant care was prohibited; and that the JCC did not have competent, substantial evidence to award 24 hours of daily care. McCrea cross-appeals, contending that the JCC erroneously considered her stepdaughter to be a “family member” -under the definition of section 440.13(l)(b), and thus subject to the limitation on attendant care provided by a combination of family members. We conclude that claimant’s stepdaughter was not a “family member” under the statute and reverse, thereby mooting the E/SI’s first issue. In all other respects we affirm the order, with one modification, addressed below.
McCrea is a morbidly obese woman whom the E/SI accepted in 1991 as permanently and totally disabled, due to a leg injury and subsequent chronic infections. The record provides competent, substantial evidence for the JCC’s award of 24 hours of attendant care daily, because claimant’s physician testified that her inability to take care of virtually any personal needs without assistance calls for both active and on-call care. See Builders Square v. Drake, 557 So.2d 115 (Fla. 1st DCA 1990); Caron v. Systematic Air Servs., 576 So.2d 372 (Fla. 1st DCA 1991). The award, however, should not have been indefinite. We therefore construe the order as awarding 24 hours of attendant care only so long as the nature of McCrea’s injury or process of recovery may require, consistent with section 440.13(2)(a). See Amfesco Duramil Div. v. Guzman, 596 So.2d 732 (Fla. 1st DCA 1992); Ramada Inn S. Airport v. Lamowreux, 578 So.2d 48 (Fla. 1st DCA 1991).
Turning to McCrea’s cross-appeal, we conclude the JCC erred in finding that “stepchild” is synonymous with “child” for the purpose of determining that claimant’s stepdaughter, Cynthia McCrea, was a “family member” subject to the 12-hour attendant-care limitation.[1] Section 440.13(2)(b)(2) provides, in pertinent part:
A family member or a combination of family members providing nonprofessional attendant care under this paragraph may not be compensated for more than a total of 12 hours per day.[2]
(Emphasis added.) Section 440.13(l)(b) defines “family member” as follows:
“Family member” means a spouse, father, mother, brother, sister, child, grandchild, father-in-law, mother-in-law, aunt, or uncle.
(Emphasis added.) The JCC concluded that this provision was vague, because it did not state whether “child” included “natural child, stepchild, adopted child, or otherwise.” The JCC thus looked to the definition of “child” provided in section 440.02(5), Florida Statutes (1997), and found that the inclusion of “stepchild” in that definition should also apply to “child” in section 440.13(l)(b). We disagree.
“Child” is defined in section 440.02(5) as follows:
“Child” includes a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged child born out of wedlock dependent upon the deceased, but does not include married children unless wholly dependent on the employee. “Grandchild” means a child as above defined of a child as above defined. “Brother” and “sister” include stepbrothers and stepsisters, half brothers
*198 and half sisters, and brothers and sisters by adoption, but does [sic] not include married brothers and sisters unless wholly dependent on the employee. “Child,” “grandchild,” “brother,” and “sister’,’ include only persons who at the time of death of the deceased employees are under 18 years of age, or under 22 years of age if a full-time student in an accredited educational institution.
(Emphasis added.) It is clear that the above definition applies to the provision of death benefits and does not encompass Cynthia McCrea, because a “stepchild” is considered a “child” of the employee only if the stepchild is under 18 and a dependent at the time the employee dies.[3] To rule otherwise would result in our reading section 440.02(5) into section 440.13(l)(b) expansively, thereby favoring the E/SI, which we are not permitted to do. See § 440.015, Fla. Stat. (1997) (“[T]he laws pertaining to workers’ compensation are to be construed in accordance with the basic principles of statutory construction and not liberally in favor of either employee or employer.”). Cf. King Lumber Co. v. Bloomfield, 560 So.2d 389 (Fla. 1st DCA 1990) (the definition of “family member” in section 440.13 does not include a nephew). In Lemus v. Ocala Star Banner, 672 So.2d 76 (Fla. 1st DCA 1996), this court rejected the claimant’s suggestion that the term “family member” should include only those members of the claimant’s family living in her household, which would have allowed her son to be paid more than federal minimum wage. We affirmed the JCC’s finding that the statute clearly included claimant’s son, although he was not living with claimant before he began providing attendant care. The court said, in dicta, “The statute clearly defines family members to include certain enumerated blood relatives and in-laws of a workers’ compensation claimant.” Id. at 77. Cynthia McCrea is neither a blood relative nor an in-law of claimant, Charlene McCrea.
The E/C contends that Black’s Law Dictionary lists “stepchild” in its definition of “child.” On the contrary, the current edition does not include “stepchild” anywhere within such definition. Black’s Law Dictionary 232-33 (7th ed.1999). Indeed, “stepchild” has its own separate definition, which provides: “The child of one’s spouse by a previous marriage.” Id. at 1425.
Because the legislative did not include the term “stepchild” within the definition of “family member,” and the terms “child” and “stepchild” are legally distinct, we conclude the JCC erred in finding that Cynthia McCrea, as claimant’s stepdaughter, is subject to section 440.13’s 12-hour limitation on attendant care provided by a “combination of family members.” We therefore reverse the award of attendant-care benefits and remand with directions for the JCC to order that only Clara Amic, claimant’s mother, is limited by the 12-hour daily care provision.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
ALLEN and DAVIS, JJ., CONCUR.

. Cynthia's mother died in 1980 when Cynthia was five years old. In 1983, when she was eight, she began living with her father and his wife, claimant. Cynthia moved out when she was around 16, had a baby, and began providing claimant with attendant care during the days. She moved back in to claimant's home sometime in 1998 or 1999.

. Because this award commenced on July 30, 1998, the 1997 version of the statute applies. See Mr. C's T.V. Rental v. Murray, 559 So.2d 452 (Fla. 1st DCA 1990).

. Moreover, there was no evidence that Cynthia McCrea was a dependent of claimant.